[Opinion delivered March 17. 1882.]

---

TEXAS & NEW ORLEANS RAILWAY COMPANY v. JOHN R. SUTOR.

(Case No. 1210.)

1. RIGHT OF WAY — VESTED RIGHT — COMPENSATION — DAMAGES.— On the faith of the verbal agreement of the owner giving a railway company the right of way over his premises, free of charge, if it would construct ditches to carry off water, the road was constructed and operated for years; the ditches also were dug. Seventeen years afterward the owner sued for damages from the construction of the road on his land, and also damages to his adjoining lands, crops, etc., from overflow. *Held,*

(1) That the doctrine of dedication or of estoppel *in pais* applies to the right of way for a railroad, railroads being public highways.

(2) That the owner had dedicated the right of way to the public use, and the railroad company had acquired a vested right thereto, which was not divested by a failure to maintain sufficient ditches.

(4) That even if the agreement had amounted only to a rev-
ocable license, the compensation of the owner on the revocation
of the license, and the condemnation of the land at the application
of the company, would not be estimated by the value of the land
as increased by the construction of the railroad.

(4) The company, though liable for damages proximately result-
ing from its failure to maintain sufficient ditches, is not liable for
damages from an increased flow of water by reason of the ditches
of another railroad company, such injuries not being proximately
caused by the negligence of the defendant company.

APPEAL from Harris. Tried below before the Hon.
James Masterson.

It does not appear when this suit was instituted. Sutor,
the plaintiff below, filed his first amended petition July 5,
1878, against plaintiff in error (defendant below), suit
being trespass to try title for one hundred and sixty-three
by one hundred and four feet of land situated in the city
of Houston, Harris county, charging that the entry
was made about January 1, 1875. Also that the defend-
ant had since, without authority or consent, unlawfully
built and constructed their railroad tracks thereon, being
fixtures and part of the realty, and during all the time
has run its cars, engines and trains on said tracks with-
out his authority or consent. That the use of said land
and the rents thereof during said time was and is reason-
ably worth the sum of $50 per month. That the defend-
ant dug up the soil and made embankments and ridges
upon the land, permanently damaging the same $500.
That by gross negligence in making the ditches on each
side of the track, the said company, by reason of the
overflow of water occasioned, has seriously injured his
adjoining lands upon which he lives. That in 1876 and
1877 his potato crop was thus overflowed and lost. That
each of said crops was of the value of $100. That his
dwelling-house was injured thereby in the sum of $100,
and one grape vine of the value of $25, besides other
elements of damage.

The defendant answered by general and special exception, general denial, five and ten years' limitation, and limitation of two years as to the damage. Also, in the event the court should decide the question of title to the land against defendant, it then asked a condemnation of the land for right of way for its road.

The case was tried November 15, 1878, when the jury returned the following verdict:

"We, the jury, find for plaintiff title to the land.

| | |
|---|---:|
| Value of land............................................... | $125 00 |
| Interest on same............................................ | 30 65 |
| Damage to property......................................... | 300 00 |
| Damage to crop, '76 and '77................................ | 200 00 |
| Damage to grapes and peach trees........................... | 55 00 |
| Damage on house........................................... | 100 00 |
| | $810 65 |

Find right of way for defendant."

Judgment was rendered accordingly, and the case came up on writ of error.

The errors assigned were numerous. The first was that the verdict for the plaintiff for the land was against the evidence, as the evidence showed a dedication of the land to the use of the railroad for its right of way as a public highway.

*E. P. Hill*, for appellant.

*E. P. Hamblin*, for appellee.

WATTS, J. COM. APP.— At the time of the construction of the railroad in 1860 the land of Sutor was subject to the right of eminent domain; the corporation could then have procured a judicial condemnation of it without the consent or even against the wishes of Sutor. The company would then have been bound to pay the damages assessed for such use of the land.

It appears from the record that the city of Houston had agreed with the railroad company to procure the

right of way within the city limits, and, acting in pursuance thereof, the mayor, representing the city, called upon Sutor to procure his consent for the company to occupy the strip of land across his tract without compensation. This Sutor agreed to, and said to the mayor that he would not charge the company anything for the right of way if it would construct ditches and carry off water. The road was constructed, the ditches made, and the line operated for about seventeen years before this suit was brought. The privity between the mayor, acting as the representative of the city, and the railroad company, in regard to this matter of the right of way, is sufficiently shown; and it was not essential to constitute such privity, under the circumstances of this case, that Sutor's declaration should have been made to some officer of the company.

The right of the company to occupy with its road-bed Sutor's land depended upon his consent then given or upon a judicial condemnation. A railroad is a public highway (Const. of Texas, art. X, sec. 2; 3 Paige (N. Y.), 74; Angell on Highways, sec. 370); and especially is this true, so far as the acquisition of the right of way is concerned; for upon no other theory could the right of eminent domain be conferred upon a railroad corporation.

In this respect the doctrine of dedication, or rather of estoppel *in pais*, would apply to the right of way for a railroad the same as to any other public highway. The court, in the case of Oswald *v.* Grenet, 22 Tex., 94, held in effect that a dedication need not be by deed, or evidenced by a continuous use; but that it is sufficient if there was an unequivocal act or declaration of the owner to dedicate the land, and that others have acted in reference to and upon the faith of such declaration.

When defendant in error consented to the occupancy of the land by the railroad without compensation other than what would accrue to all the property owners alike

with himself from a completion of the road, he thereby dedicated the same to that public use; and as the corporation continued the construction of its road and the use and occupancy of the land upon the faith of his declaration, the dedication for the particular use became a vested right, and would not be divested or destroyed by a failure upon the part of the company to maintain such ditches as would be necessary to carry off the surface water.

A failure to construct and maintain such ditches as would be necessary for proper drainage would give Sutor a right of action for the damages resulting to him by reason of such failure; but it would not give him the right to make an entry upon the right of way and declare it forfeited. H. & T. C. R. R. Co. v. W. C. McKinney, Tex. Law Journal, vol. 4, No. 45, p. 712.

We are of the opinion that the verdict awarding Sutor damages for the right of way was clearly against the evidence.

Another serious objection to the recovery of damages for the right of way is the time at which such damages were estimated; that is, the evidence adduced upon this point was, as to the value of the land taken and the damages resulting from the particular use, confined to 1875. Even if the railroad company had made the entry, and constructed its road, under a revocable license, when Sutor sought to revoke, and the company asked a condemnation, it would appear unjust to make it pay the increased value by reason of the completion and operation of its road. Having consented to the occupancy of the land by the company for a road-bed, and acquiesced for so long a time in such occupancy, and by such acquiescence induced the belief that a condemnation was unnecessary, now to allow him to recover the present value of the land, and damages by reason of such occupancy, would be to permit him to speculate upon his own laches, and ignore his acquiescence to the injury of others.

If, as claimed, the special injury for the destruction of the potato crops, etc., of Sutor in the years 1876 and 1877, was caused by the increased flow of water by reason of the ditches of the Great Northern R. R. Co., then the Texas & New Orleans Railway Co. would not be liable; such injury would not result as a legal consequence of any wrongful act or negligence upon the part of the latter. To authorize a recovery for such injuries, the negligence or wrongful act of the Texas & New Orleans Railway Company must be the proximate and not the remote cause. .

We conclude that the judgment of the court below ought to be reversed and the cause remanded.

REVERSED AND REMANDED.