The T. & N. O. R. R. Co. v. John R. Sutor.

(Case No. 1577.)

1. ACTION.— One who voluntarily consents to the occupation of his land by a railway road-bed for seventeen years, with no other compensation therefor than such as would result to him in common with others from the construction of the road, cannot recover damages for the use of his land.

2. SAME.— The failure of the road to keep open the necessary ditches and water-ways across the land would not operate a forfeiture of its right of way thus voluntarily relinquished.   The remedy is by an action for damages for the loss sustained in consequence of such insufficient ditches and water-ways.

APPEAL from Harris.  Tried below before the Hon. James Masterson.

In 1859 or 1860 the T. & N. O. R. R. Co. built its railroad into Houston.  The city of Houston granted the company permission to build its road through the city, and agreed to obtain the consent of the owners of the land.  New Orleans avenue was indicated as the line for the railroad, and it was built on it.  That avenue runs across Sutor's land.  The mayor of the city sent for Sutor and asked him if he was going to make the railroad company pay for taking his land, and he told him he would not make them pay for it if the company would build ditches big enough to carry off all the water.

This was during the construction of the road, and the ditches and embankment for the road-bed had then been made. Sutor also told others that he would not make the company pay if it would carry off the water.

In 1874 the company was sold out under decree of foreclosure, and a new corporation, distinct from the old, but of same name, was organized by the purchasers.

After the road was built, Sutor, in 1861, built a house about twenty feet south of the railroad, and afterwards built the house and established his homestead described in his petition, about one hundred and fifty feet south of the railroad.

Seventeen years after the road was built on the land Sutor brought this suit of trespass to try title and for damages to his house, garden, etc., for overflow in 1876 and 1877, caused, as alleged, by the " insufficient capacity of the ditch on the southeast side of the road to carry off the water it brings down to his land, and by the leading of the ditch from the north to the south side, without providing a sufficient channel for escape."

The defendant answered by a general denial, plea of not guilty, pleas of limitation, and also prayed that, if it should appear that plaintiff was entitled to recover the land, it be condemned to defendant's use and the value thereof assessed by the jury.

The jury returned a verdict as follows:  "We, the jury, find for defendant right of way across plaintiff's land one hundred by one hundred and sixty-six and two-thirds feet through, and for plaintiff damages to amount of one thousand (1,000) dollars, at eight per cent. per annum, as set forth in charge," and judgment was rendered upon the verdict for plaintiff for $1,000 and all costs; and " it further appearing to the court that the right of way and use of the following described property, to wit (here follows description), is necessary to the enjoyment of the rights and franchise of said railway company:  It is ordered, adjudged and decreed that the same be condemned to the use of the said Texas & New Orleans Railway Company as and for right of way."

*E. P. Hill*, for appellant, cited Morgan *v.* Railroad Co., 6 Otto, 722; Greenl. on Ev., vol. 2, sec. 662.  That a railroad is a public highway, see 2 B. & Ald., 648; Const. of Texas, sec. 2, art. X; 3 Paige (N. Y.), 74; Angell on Highways, sec. 370; T. & N. O. R. R. Co. *v.* Sutor, 56 Tex., 496; McAulay *v.* Railroad Co., 33 Vt., 311; Ludlow *v.* Railroad Co., 12 Barb., 440; Hornback *v.* R. R. Co., 20 Ohio St., 81; Provolt *v.* R. R. Co., 57 Mo., 256; Baker *v.* R. R. Co.,

id., 265; Walker *v*. R. R. Co., id., 275; Hubbard *v*. R. R. Co., 63 Mo., 68; Hosher *v*. R. R. Co., 60 Mo., 329; 76 Ill., 502.

*E. P. Hamblen*, for appellee.

WEST, ASSOCIATE JUSTICE.— This case will be found reported in 56 Tex., 496.

On the former trial there was a verdict for appellee for ($810.65) eight hundred and ten and $\frac{65}{100}$ dollars. Among the items, enumerated as part of this sum, was the value of the use and occupation of the land and interest on that amount. This court then held that the appellee had voluntarily consented to the occupancy of the land in suit by appellant without compensation to himself other than the benefit that would accrue to him in common with all property owners in the city from the completion of the road. This act of his was, in effect, the court say, an *estoppel in pais*, or some kind of partial dedication of the land for the public use contemplated. The appellee, this court held, would not, under such circumstances, especially after the lapse of about seventeen years, be allowed damages against the appellant for the use of land that he had, without charge, voluntarily allowed it to use.

There was a new trial below, and the case is again before us with an increased verdict for ($1,000) one thousand dollars, with interest at eight per cent. per annum. This amount includes again the value of the right of way, and the court in its judgment proceeds to condemn the same for the use of the company. The facts on the present trial as to appellee's consent to appellant's having the right of way did not differ materially from what they were on the former trial.

The fact that the appellant failed to construct, repair and keep open the necessary ditches that it ought to have kept open, would not operate a forfeiture of the right of way that the appellee had previously voluntarily relinquished. The appellee not being entitled to recover the value of the use of the land under the facts found, as heretofore decided, the judgment must be now reversed, because the jury have again allowed damages in that behalf. But there is some evidence tending to show that appellant has caused actual damage to the premises and property of the appellee by negligently causing or allowing his property to be overflowed. Appellee is justly entitled to compensation for such actual loss, injury and damage as he can satisfy a jury by proof he has suffered by reason of the negligent or tortious acts of appellant in this matter. The case is reversed, so that the appellee may have an opportunity of a full inquiry into

that matter without that subject being complicated, as it has heretofore been, with the question as to the value of the use of appellee's land for the purpose of operating appellant's road.

The judgment is reversed and the cause remanded.

Reversed and remanded.

[Opinion delivered February 23, 1883.]