DYCHES v. ELLIS et al.
No. 9602.

Court of Civil Appeals of Texas. Austin.
Jan. 22, 1947.

Ray Holder, of Dallas, for appellant.

J. C. Darroch, of Brownwood, and Dabney & Dabney, of Eastland, for appellees.

McCLENDON, Chief Justice.

This appeal is from a final judgment of dismissal upon sustaining a "plea in abatement", in a suit brought in the District Court by George Dyches against Mrs. Nettie Hickman Ellis and husband and I. N. Hickman, son of Mrs. Ellis by a former husband; in which suit plaintiff sought damages of defendants for alleged fraudulent conspiracy to evict him from 538 acres of land held by him under lease from Mrs. Ellis, executed while she was a widow; such eviction being sought or effected by means of an alleged fraudulent and fictitious sale of the premises by the Ellises to Hickman, and a forcible detainer suit by Hickman against Dyches. The plea in abatement was predicated upon a judgment (allegedly

final) of the justice court in the detainer suit evicting Dyches from the premises.

There is no statement of facts; but a summary of the evidence is recited in the judgment and in findings of fact filed by the trial judge. From these recitals and findings the following appears:

The forcible detainer suit was filed in the justice court in the precinct in which the land was situated on April 8, 1946. Citation was promptly issued and served upon Dyches, and a writ of possession was in the hands of the sheriff, issued by virtue of a possession bond filed at the time the suit was filed. The present suit was filed April 15, 1946, and on April 22, 1946, judgment was rendered in the forcible detainer suit awarding possession of the land to Hickman. "Dyches seasonably gave notice of appeal from said judgment; and on" April 26, 1946, "there was received" from Dyches' attorney by the justice of the peace a bond which was "sufficient as an appeal bond in said justice court cause"; upon receipt of which the justice "endorsed his approval thereupon; but before he had filed same, he received a telegram" from said attorney "instructing him to disregard said bond, and not to file said bond. * * * in obedience to such request and instruction" of said attorney the justice did not file the bond. This telegram was received by the justice the same day he received the bond through the mail. "The failure of said Justice of the Peace to file said bond was not inadvertent on his part, but strictly in accordance with the instructions of the attorney for the defendant, George Dyches, and said instructions were never countermanded by the defendant or his attorney, and the court therefore finds that no appeal bond was ever filed in said cause and that said judgment awarding possession of said land and premises to I. N. Hickman is a final judgment of a court of competent jurisdiction, that acquired such jurisdiction prior to the time this suit was filed." The judgment sustained the plea in abatement and "in all things dismissed" the suit.

The several questions posed in the briefs of the respective parties are involved in and determined in the following conclusions.

■ First, as to the effect of the trial court's judgment sustaining the plea in abatement and dismissing the suit: It is true, as appellant urges, that a plea in abatement is, correctly speaking, one in limine only, and does not go to the merits of the suit in which it is filed. See 1 Tex. Jur., p. 21, § 3, and p. 148, § 107. This is elementary. It is also true that the proper order or judgment upon sustaining such plea, is not to dismiss the case, but to retain it suspended upon the docket, subject to be revived if and when the cause of abatement is removed. Railroad Comm. v. North Texas Coach Co., Tex.Civ.App., 92 S.W.2d 268.

■ The plea in this instance, while styled one in abatement, was in substance and effect one in bar. It alleged all the factual elements of a plea of res judicata, in that it set up a judgment of a court of competent jurisdiction, alleged to be final, adjudicating the right of possession to the land in this suit, which, as we later show, was the basic issue in this suit. There was no exception or objection to the form of the pleading, consequently that matter was waived. Rule 90, Texas Rules of Civil Procedure. A case practically on all fours in this regard with this is Morgan v. Petroleum Casualty Co., Tex.Civ.App., 40 S.W.2d 205 (error ref.). While ordinarily the proper judgment in sustaining a plea of res judicata (or other plea in bar as in the Morgan case) is one in favor of defendants, a judgment of dismissal would have the same effect as it would be with prejudice, and be a bar to another suit adjudicating the same subject matter against the party as to whom it was asserted in bar. See Rankin v. Hooks, Tex.Civ.App., 81 S.W. 1005.

Appellant contends that the appeal from the justice court was perfected; and that the judgment of that court was therefore not final. We overrule this contention for the following reasons:

■ Generally the effect of an appeal from a justice court is to nullify its judgment. 26 Tex.Jur., p. 887, § 89. And this effect has been given to an appeal in a forcible entry and detainer case. Speed v. Sawyer, Tex.Civ.App., 88 S.W.2d 556.

■ Irrespective of the effect of appeal upon the judgment, when the appeal is perfected all jurisdiction of the trial court (with exceptions not here involved) over the cause is lost and jurisdiction attaches to the appellate court. 3 Tex.Jur., p. 369, § 262. Moreover, "a judgment is deprived of that finality necessary to make it admissible in evidence or the basis of a plea in bar in support of the right or defense declared by it so long as there is an appeal pending either upon a supersedeas or cost bond." Houston Oil Co. v. McCarthy, Tex. Com.App., 245 S.W. 651, and authorities cited under headnote (1), page 653, col. 1.

If, therefore, the appeal was perfected, the plea was improperly sustained.

Rule 749, T.R.C.P. formerly Art. 3987, R.C.S., authorizes an appeal from a forcible entry and detainer judgment "by giving notice thereof in open court and by filing with the justice within five days after the rendition of said judgment, a bond to be approved by said justice," etc. Rule 751 provides that: "When such appeal bond is filed and approved, the justice shall stay all further proceedings on the judgment, and immediately make out a transcript * * * and he shall file the same, together with the original papers, with the clerk of the * * * court having jurisdiction of such appeal, within six days from the date of filing the appeal bond. The clerk shall docket the cause, and the trial shall be de novo, and shall be entitled to precedence in the county court."

■ All the essential prerequisites to perfecting appeal were complied with, except in so far as filing the bond was affected by the telegram to the justice to disregard it, and his compliance therewith. A paper or document is filed in a judicial proceeding when it is lodged with the proper officer for the purpose of making it a permanent part of the record in the case. It is not essential to such filing that the officer make his endorsement thereon to that effect; although it is his duty to do so, if it is entitled to be filed. We attach no importance, therefore, to the fact that the justice did not endorse on the bond his filing thereof. It is essential to filing, however, that the document be left with the officer among the file papers of the case, as a permanent portion of the record. Withdrawal of the document from such files by the party filing it, will nullify or suspend its filing during the period of such withdrawal, at least as to any one injuriously affected by such withdrawal. Helge v. Wood, Tex.Civ.App., 65 S.W.2d 352 (error ref.); 36 C.J.S., File, pp. 755–757. The situation here is closely analogous to that of withdrawal from the files. It was the duty of the justice, upon filing the bond, to file with the proper court within six days thereafter the transcript and file papers so that the case might be docketed and a speedy trial thereof had. The record shows that the telegram had the effect of inducing the justice not to perform these otherwise mandatory duties. So far as the record shows, there was no countermand of the direction in the telegram and no effort on the part of Dyches or his attorney to have the appeal brought before the appellate court, although the trial of the instant case was not had until July 15, 1946. Under these circumstances we do not think Dyches is in a position to assert that the appeal was perfected by filing the bond. If for no other reason, he should be held estopped from so asserting.

■ A supplemental transcript contains three bills of exceptions setting forth evidence alleged to have been introduced at the trial. These bills were presented to the trial judge, who declined to approve them. For that reason we cannot consider them. We have, however, examined them and do not find that the evidence therein detailed essentially differs from that recited in the judgment and trial judge's findings. It is alleged in these bills that Mrs. Holder, the attorney who tried the justice court case for Dyches, testified that: She lived in Austin where she prepared and mailed the appeal bond to the justice. Early the following morning she decided it was not necessary for Dyches to appeal, as both parties had given notice of appeal. Accordingly she sent the telegram. Later that day she changed her mind and felt she should appeal the case as originally planned; so she got in her car and drove from Austin to Goldthwaite, and went to the justice's office in the courthouse, but he was not in. The county attorney was present and permitted

her to examine "the file or transcript of the justice court case." She called the justice's home "in an effort to find him and tell him to disregard my telegram, but I was unable to locate him." In examining the justice court record she found the appeal bond with the approval of the justice thereon, and being unable to find him she "concluded that he had not received my telegram and that the papers were in order to perfect my appeal. * * * the first knowledge I had that the appeal bond in the court below had not been filed was very recently." As above stated, we do not think this evidence, if properly shown to have been introduced, would materially affect the situation. So far as the record shows the justice was never communicated with, directly or indirectly, by Mrs. Holder after he received her telegram. He acted upon that telegram in good faith, with no request or instructions from her to disregard it. Her assumption that he had not received the telegram because she found the bond with his approval in the files, was an unwarranted one. In the ordinary course of business telegrams are delivered to the sendee or the sender notified. At any rate she made no effort to countermand the instructions in the telegram, which she might readily have done by leaving a letter to that effect in the justice's office or at his residence, or mailing it to him. Every presumption is in favor of his doing his duty in the matter, and the record indicates that no other motive affected his action.

Appellant's brief adverts to the fact that pendency of a forcible entry and detainer suit in the justice court does not preclude bringing a trespass to try title suit in the district court. It is so provided by law. Art. 3984, R.C.S., now Rule 746, T.R.C.P. It might also be added that the two suits may be prosecuted at the same time, and the district court has no power to enjoin or otherwise stay the justice court proceeding. For full discussion of this subject, with citation of authorities, see Omohundro v. Nowlin, Tex.Civ.App., 142 S.W. 2d 399, and Y. W. C. A. v. Hair, Tex.Civ. App., 165 S.W.2d 238 (error ref.). This, however, was not a trespass to try title suit, or one otherwise involving the title to land. It was only a suit for damages for alleged wrongful eviction or attempted eviction of Dyches from premises by means of a fraudulent and fictitious sale of the property by his landlords to Hickman. Thus the cause of action alleged turned upon the right of possession which was adjudicated against Dyches in the justice court suit, and can not be again litigated in this suit. The issue of fraud and the elements of damage were of the same character as those involved in Rankin v. Hooks, above. There: "It was further alleged that * * * defendant instituted a false and fraudulent and illegal suit in forcible detainer against plaintiff * * * for possession of the land." [81 S.W. 1006.] On this point the opinion reads: "That suit having been prosecuted to judgment, and the judgment not being void, it cannot be attacked in this suit on the ground that the suit for forcible detainer was fraudulently instituted." And further: "A material issue in the forcible detainer suit was whether defendant therein (appellee here) was entitled to the possession of the premises, and this involved the question whether he was holding possession thereof under a valid lease, entitling him to retain the possession. That issue was determined in that case against the plaintiff in this suit. It was not for us to say whether the same was or was not correctly decided. It was so determined by a court having jurisdiction over the parties and the subject-matter, and must be held conclusive on this issue."

The conclusiveness of the justice's court judgment upon the rights asserted by Dyches in this case is not affected by the fact that the Ellises were not parties to that suit. His right to hold possession as against Hickman was dependent upon whether the sale to Hickman was fraudulent and fictitious. That issue was necessarily determined against him; and can not be relitigated in this suit. The effect of his pleading was that the Ellises were privies although not parties to the justice court suit, in that it was part of a conspiracy in which they joined, to wrongfully breach their lease and wrest possession of the property from him.

The trial court's judgment is affirmed.

Affirmed.