**ETHAN'S GLEN COMMUNITY ASSOCIATION, Trustee, Appellant,**

v.

**James J. KEARNEY and Robert Baradel, Appellees.**

No. 01–83–0403–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 2, 1984.

Richard B. Stilwell, Stilwell, Bedinger & Wellborne, Houston, for appellant.

Russell Vankeuren, Houston, for appellees.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from the denial of a mandatory injunction in a title suit.

The plaintiff, Ethan's Glen Community Association, Trustee, as successor to Texas Commerce Bank National Association, Trustee, sued the defendants, James J. Kearney and Robert Baradel, to establish title and right of possession, and also to obtain injunctive and other relief, with respect to certain land which is designated part of the "common area" in the Ethan's Glen townhouse subdivision. Specially pleading its claims, the plaintiff alleged that the defendants, owners of adjacent lots in the subdivision, violated their deed restrictions by wrongfully extending their fences some 6.42 feet beyond the boundaries of their lots, so as to enclose said "common area" which, the plaintiff alleged, it held and maintained for the use, benefit, and enjoyment of all lot owners in the subdivision. In its prayer for relief, the plaintiff sought a permanent mandatory injunction prohibiting the defendants from blocking access to the common area, and also the recovery of the costs of removing the defendants' fences and concrete patios from such area and attorney's fees. The defendants answered generally, alleging waiver, permission, consent, acceptance, and ratification and also asserted that the plaintiff was estopped to assert its claim of possession because of a county court judgment entered against it in a prior forcible entry and detainer suit.

After a non-jury trial, the district court entered judgment awarding plaintiff title to the land, but denied all other relief, including plaintiff's application for a mandatory injunction. No appeal was taken from that part of the judgment awarding title, and this appeal relates solely to the denial of the mandatory injunction and other relief.

The trial court made specific findings of fact and conclusions of law, and a statement of facts is also before this court on appeal. Although the plaintiff filed a written response to the defendants' requested findings of fact, it did not make timely request for any supplemental or additional findings of fact.

The trial court found, among other facts: that the plaintiff held title to the common area and that it had given written permission to the defendants to extend their fences and patio area approximately six feet south of their original lot lines; that the defendants, in reliance upon such written permission, and with full consent and approval of the plaintiff, had incurred expense and labor in so extending their patio area; that such extensions were not uncommon in the subdivision, several other lots having been extended by the original subdivision builder, and at least one extended by an owner with the plaintiff's permission; that such extensions did not damage or significantly affect the common area and were not offensive to the neighborhood and that other lot owners had made no use of the common area, nor was such use expected to be made of the area included in the defendants' extension; that the defendants were innocent of any wrongdoing, and had done such extension openly and with the cooperation and assistance of their neighbors; that prior to extending their fences, the defendants had received the consent not only of the plaintiff trustee,

but also of the subdivision's architectural control committee; and that any relative hardship to the plaintiff resulting from the defendants' use of the common area was insignificant. The trial court concluded that the plaintiff's action for mandatory injunction had been instituted after the defendants had innocently changed their position in reliance upon the written permission to extend their fences, and that after such change of position, the plaintiff's permission or license for the limited use of the disputed area became irrevocable; that the plaintiff was entitled to recover its title to the property subject to the defendants' right to use the common area for the limited purpose of extending their patio and fence, "for so long" as such area was used for such purpose; and that by reason of a county court take-nothing judgment entered against the plaintiff in the prior forcible entry and detainer suit, the plaintiff was estopped to assert its right to possession of the disputed area.

In its brief, the plaintiff challenges certain findings of fact made by the trial court, contending that such findings are without any evidence to support them. We here discuss only those challenges that are pertinent to the disposition of the appeal, but find that all material facts found by the trial court have some support in the evidence.

■ We first consider whether the county court take-nothing judgment entered against the plaintiff in the prior forcible entry and detainer action precludes its action for injunctive relief in the instant proceeding.

Prior to the institution of the instant proceeding, the plaintiff brought an action for forcible detainer seeking a writ of possession to the area in dispute. The county court entered a take-nothing judgment against the plaintiff and no appeal was taken from that judgment. The defendants contend that the district court in the instant case correctly held that the county court's judgment works an estoppel to any relitigation of the issue of possession. In support of their position, the defendants

cite: *Young Women's Christian Ass'n v. Hair*, 165 S.W.2d 238 (Tex.Civ.App.—Austin 1942, writ ref'd w.o.m.; *Slay v. Fugitt*, 302 S.W.2d 698 (Tex.Civ.App.—Dallas 1957, writ ref'd n.r.e.); and *Dyches v. Ellis*, 199 S.W.2d 694 (Tex.Civ.App.—Austin 1947, no writ).

Although we recognize that statements made in each of the three cases relied upon by the defendants tend to support their position, we do not find those cases controlling in the case at bar and conclude that the proposition advanced by the defendants, as applied to the facts in this case, is erroneous.

A contention similar to that advanced by defendants in this case was asserted in *Johnson v. Highland Hills Drive Apartments*, 552 S.W.2d 493 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.), 568 S.W.2d 661 (Tex.1978). There, in a suit for damages for wrongful termination of a lease, the defendant contended that a judgment of possession entered in a prior forcible detainer action estopped the plaintiff from seeking damages for wrongful eviction. The Dallas Court of Appeals, citing *Haginas v. Malbis Memorial Foundation*, 163 Tex. 274, 354 S.W.2d 368 (1962), held that the forcible detainer action only determined the party entitled to *immediate* possession of the premises, and that such judgment did not determine the ultimate rights of the parties with respect to other issues in controversy, even though the ultimate determination of such other issues might result in a change of possession. In reaching its conclusion, the court relied upon Tex.Rev. Civ.Stat.Ann. art. 3994 (Vernon 1966), which provides:

> The proceedings under a forcible entry, or forcible detainer, shall not bar an action for trespass, damages, waste, rent or mesne profits.

552 S.W.2d 493, 494.

In reliance on the construction given that statute by the Texas Supreme Court in *House v. Reavis*, 89 Tex. 626, 35 S.W. 1063 (1896) and that court's holding that a judgment of possession in a forcible detainer action did not bar a subsequently filed tres-

pass to try title suit, the Dallas Court of Appeals held that the prior judgment in the forcible detainer action did not bar the action seeking damages for wrongful eviction. In reaching its conclusion, the Dallas court expressly overruled its prior decision in *Rankin v. Hooks*, 81 S.W. 1005 (Tex.Civ. App.1904, no writ), and also rejected as erroneous the contrary dicta set forth in *Young Women's Christian Ass'n v. Hair, supra,* and *Slay v. Fugitt, supra.*

We follow the rationale of *Johnson v. Highland Hills Drive Apartments, supra,* and the cases cited in support of that decision, and hold that the county court's take-nothing judgment did not preclude the plaintiff from seeking to establish its title and right to possession of the premises in dispute in this trespass to try title suit. The right to possession necessarily follows the adjudication of title, and the right to such possession may be awarded in the title action, notwithstanding that the issue of temporary possession has been adjudicated in the prior detainer proceedings. Tex.Rev. Civ.Stat.Ann. art. 3994; *House v. Reavis, supra. See also, Holcombe v. Lorino,* 124 Tex. 446, 79 S.W.2d 307 (1935). The other case relied upon by the defendants, *Dyches v. Ellis, supra,* was not a suit involving title to land and is therefore distinguishable from the case at bar. However, for the reasons stated before, the holding appears to be erroneous under the rationale of *Johnson v. Highland Hills Drive Apartments, supra,* which we have followed in reaching our decision the instant case. Thus, we refuse to follow the reasoning of *Dyches,* and hold that the county court's judgment in the detainer action does not constitute either res judicata or estoppel by judgment of the plaintiff's claims in the case at hand.

We next consider whether the permissive rights granted by the plaintiff to the defendants became irrevocable as determined by the trial court. Based upon its findings that the defendants changed their pecuniary positions in reliance upon the plaintiff's consent to extend their patio areas, the trial court concluded that the plaintiff's initial grant of permission, or license, to

use such common area, became irrevocable and that the defendants, therefore, had a continuing right to use the disputed area as an extension of their patio and fence, "for so long as" used for such purpose.

There is evidence to support the trial court's findings that plaintiff's predecessor did, in fact, give written permission to the defendants to extend their fences and patios beyond their lot boundary lines. There is also evidence that the defendants, in reliance upon such written permission, incurred expense and labor in so extending their patio area, and therefore changed their pecuniary position in reliance on such consent. The question is whether the trial court, upon these findings, properly determined that the defendants' license, initially revocable at will, became irrevocable by reason of the defendants' reliance and change of financial position.

In their brief, the defendants state the general proposition that when a "party makes substantial expenditures in reliance upon permission so given, the license may be irrevocable." In support of this proposition, they cite a number of cases. However, we do not find that these cases support the defendants' contention, as applied to the facts of this case.

Under certain circumstances, it has been held that a license, which was initially revocable, should be extended for a given term under the doctrine of equitable estoppel. *See, Risien v. Brown,* 73 Tex. 135, 10 S.W. 661 (1889). So also, where there is evidence of consideration moving from the license to the licensor, the courts have concluded that equity may prevent the exercise of a right of revocation. *See, Joseph v. Sheriffs' Ass'n,* 430 S.W.2d 700 (Tex.Civ. App.—Austin 1968, no writ); *Markley v. Christen,* 226 S.W. 150 (Tex.Civ.App.—San Antonio 1920, writ dism'd w.o.m.). This is especially true where the licensor has made a dedication for the benefit of the public, permanent improvements have been constructed and enjoyed under the license, and the licensor has received some valuable benefit from the grant. *See, Ft. Worth &*

*N.O. Ry. Co. v. Sweatt,* 20 Tex.Civ.App. 543, 50 S.W. 162 (1899, no writ); *Evans v. Gulf C. & S.F. Ry. Co.,* 9 Tex.Civ.App. 124, 28 S.W. 903 (1894, no writ). However, where the improvements are placed on the land solely for the benefit of the licensee, and there is no consideration moving from the licensee to the licensor for the permit, the courts are inclined to hold that the license does not become irrevocable *Risien v. Brown, supra; Reynolds v. McLemore,* 241 S.W. 606 (Tex.Civ.App.—El Paso 1922, no writ); and *Arant v. Jaffe,* 436 S.W.2d 169 (Tex.Civ.App.—Dallas 1968, no writ).

■ In the case at bar, to hold that the license became irrevocable, solely because the defendants expended money and labor in extending their patio areas, would, in effect, create a perpetual easement across the plaintiff's land for so long as the area was used for patio purposes. The imposition of such a burden on the plaintiff's land obviously would render the court's award of title meaningless. We hold that the trustee's letter granted a mere permissive license to the defendants for an undetermined period of time and that such grant was not made irrevocable by defendants' improvements.

■ Our holding that the trial court erred in deciding that the license became irrevocable does not compel the conclusion that the court abused its discretion in denying the plaintiff's request for injunctive relief. The plaintiff's claim for a mandatory injunction was based upon equitable grounds, and in deciding what relief, if any, the plaintiff should be granted, the court was authorized, indeed required, to consider the defendants' equitable defenses. The trial court found that the defendants had extended their patios with the full consent and approval of the trustee for the subdivision and its architectural control committee, that such extension was not offensive to the neighborhood and, in fact, had been done openly with the cooperation and assistance of the defendants' neighbors, that there was no adverse use made or contemplated by other lot owners, and that any relative hardship resulting to the plaintiff was insignificant. We find evidence in the record to support these findings. In balancing the equities between the parties, the trial court properly considered the defendants' expenditure of funds and labor in reliance upon the licenses granted, and the hardship that would result to them from the revocation of the grant, and it also properly considered the fact that the plaintiff had made no offer in equity to recompense the defendants for the costs of relocating their fence, and instead, by its pleading, sought to impose such costs and attorney's fees against them. Under such circumstances, the trial court did not abuse its discretion in refusing to grant to plaintiff the mandatory injunctive relief and other relief being sought. *See, Risien v. Brown, supra; Hall v. Willmering,* 209 S.W. 226 (Tex.Civ. App.—Amarillo 1919, writ ref'd).

For similar reasons, we hold that the trial court did not abuse its discretion in refusing to issue a mandatory injunction to prohibit the alleged violation of the subdivision restrictions. Although the evidence showed that the defendants' fences and patio were extended beyond the boundary lines of their lots, it is undisputed that they did not claim title to the area in dispute or that their lot lines had been changed. Whether or not the defendants' extension of their fences and patio was at substantial variance with the deed restrictions becomes an unimportant question because of our holding that the plaintiff retained the right to revoke the permission granted, at least upon an appropriate equitable showing that it would recompense the defendants for their money, labor and other costs expended.

Because we have concluded that the trial court did not abuse its discretion, we affirm the trial court's judgment. We note in the plaintiff's brief the statement that it had tendered to the defendants a continuing offer to pay for the relocation of the fence to the lot lines. However, the plaintiff concedes that this offer is not reflected by the record and that no offer was made until after the rendition of the trial court's

judgment. In view of our holding that the defendants do not have an irrevocable right to use the plaintiff's premises, our affirmance of the trial court's judgment is without prejudice to the plaintiff's right to reassert its title and right of possession to the common area and, upon appropriate equitable showing, to have the defendants' fences and patios restored to their original location.

The trial court's judgment is affirmed.