**Affirmed in Part and Reversed and Remanded in Part, and Memorandum Opinion filed May 8, 2012.**

In The

# Fourteenth Court of Appeals

### NO. 14-11-00338-CV
### NO. 14-11-00350-CV

## ROSE B. GARCIA, INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF RICHARD S. BARBOZA, DECEASED, Appellant/Cross-Appellee

### V.

## IRMA G. GALVAN, Appellee/Cross-Appellant

### On Appeal from the 55th District Court
### Harris County, Texas
### Trial Court Cause No. 2009-58820

## MEMORANDUM OPINION

Rose B. Garcia, in her capacity as the independent administratrix of the estate of Richard S. Barboza, sued Irma G. Galvan for wrongful eviction. The trial court signed a final judgment granting summary judgment in favor of Galvan and denying Galvan's motion for sanctions. Garcia challenges the grant of summary judgment on appeal, and Galvan challenges the denial of sanctions. We reverse the summary judgment, affirm the denial of sanctions, and remand for further proceedings.

BACKGROUND

In 1991, Galvan leased to Barboza a tract of land in downtown Houston for 99 years with an option to renew for another 99 years. A dispute arose about the payment of property taxes, among other things. Galvan brought a forcible detainer action in a justice court, and a *de novo* appeal was filed in the County Court at Law Number 4 (hereinafter "County Court"). Meanwhile, Galvan sued Barboza in the 280th District Court (hereinafter "District Court"), and Barboza counter-sued. The County Court action was abated pending proceedings in the District Court action.

After a jury rendered a verdict in the District Court action, the County Court held a bench trial. The County Court signed a final judgment on October 5, 2007, granting immediate possession of the leased property to Galvan. Barboza died the following day. The County Court signed an amended final judgment on October 30, 2007, stating in part as follows:

> IT IS ORDERED, ADJUDGED AND DECREED, that IRMA G. GALVAN is entitled to immediate possession, from RICHARD S. BARBOZA and all occupants, of the leased property, fixtures, and improvements located at 22 ½ N. Chenevert, Houston, Texas 77002, which leased property, forms the basis of the lease entered into by and between the Irma G. Galvan, as Lessor, and Richard S. Barboza, as Lessee, on October 14, 1991, and which lease became effective on August 1, 1991, and on which leased property sits a metallic building occupied by Urban Metals and Construction, a company owned and operated by Richard S. Barboza.[1]

On November 2, 2007, the District Court signed a final judgment, stating that:

- the address of the leased property is 22 ½ N. Chenevert Street;

- Barboza is "obligated for and responsible to pay to and/or reimburse Lessor for all taxes levied against and/or for the leased premise;"

---

[1] The County Court also awarded Galvan $9,500 in attorney's fees and court costs.

- Barboza is liable for 44.3% of all property taxes charged for Galvan's property at 22 N. Chenevert Street, which contains the leased property, "for the tax year 2007 and each and every year thereafter on a go forward basis throughout the term of the Lease . . . on or before January 31st of each and every year thereafter for each and every subsequent tax year, during the entire term of the Lease;"

- Barboza is "responsible for and obligated to maintain the leased premises, which maintenance includes, but is not limited to obtaining an occupancy permit for the leased premises, and obtaining, maintaining, and complying with all . . . laws for and applicable, pertaining, and related to the leased premises and/or the business operated thereon, at all times during the term of the Lease;"

- Barboza is "obligated to and responsible for making any and all improvements, alterations, and/or additions to and for the leased premises, including those necessary and/or required to comply with the Lease and the law and/or as desired by Richard S. Barboza, all at his sole cost and expense;"

- Barboza is "entitled to the non-exclusive use of and access to water from the water tap identified in the Lease, through a line or hose, but not both;"

- Barboza has 30 days from the date of the judgment to bring the leased property into compliance with all codes, ordinances, and laws related to the leased premises or the business operated thereon;

- Barboza is to pay Galvan $2,380.01 for damages incurred as a result of Barboza's failure to pay 2006 taxes;

- Barboza is to pay Galvan court costs and $65,000 in attorney's fees;

- Barboza is to take nothing from Galvan.

The 280th District Court denied all other relief not granted in the judgment.

Neither judgment was appealed. In November 2007, a constable served a writ of possession on one of Barboza's sons, who had conducted business on the property in a partnership with Barboza. Barboza's son and the business vacated the property.

Garcia filed the current suit against Galvan in September 2009 and asserted a claim for wrongful eviction. Galvan filed a traditional motion for summary judgment arguing that (1) "the plaintiff's claim lacks merit;" and (2) "the plaintiff's claim is barred

by collateral estoppel and issue preclusion." Under the first argument, Galvan contended that "[t]here is no legal basis for [Garcia's] claims against Galvan" because Garcia cannot claim that the judgments in the County Court or District Court actions "were wrongfully entered, which appears to be the crux of [Garcia's] case. Those [j]udgments are final and not appealable." Galvan quoted from Garcia's original petition, which claimed that the wrongful eviction was predicated on Galvan's conduct as follows:

a. obtaining a final judgment in the County Court Case which provided that Galvan was entitled to immediate possession of the leased premises;

b. obtaining Writ of Eviction in the County Court Case; and

c. causing to be served upon Barboza such Writ of Eviction evicting him from the demised premises.

Regarding collateral estoppel, Galvan contended that for Garcia to prevail on the wrongful eviction claim, "the Court would have to make new findings on the issue of Barboza's obligations under the Lease Agreement, whether or not Barboza was in compliance with all terms and obligations of the parties' Lease Agreement when the previous lawsuits were litigated, and whether or not Galvan was entitled to immediate possession of the premises, all of which were already determined in [the County Court and District Court actions] in 2007."

As summary judgment evidence, Galvan attached the final judgments in the County Court and District Court actions. Garcia also filed summary judgment evidence including the lease agreement, an amended final judgment in the County Court action, the writ of possession, and Galvan's "Affirmative Defenses and First Supplemental Original Petition" from the District Court action. Galvan's petition from the District Court action reveals that Galvan had claimed "breach of lease" and further requested declarations that (1) Barboza breached the lease; and (2) "the lease is void and/or voidable and/or unenforceable for lack of consideration, because it is unconscionable, and/or violates the Rule Against Perpetuities."

4

The trial court granted a final summary judgment for Galvan. Galvan moved for sanctions arguing that Garcia's claim was frivolous and brought in bad faith. The trial court denied the sanctions motion. Both parties appealed.

## ANALYSIS

In two issues, Garcia argues that the trial court erred by granting the final summary judgment for Galvan because the eviction was wrongful as a matter of law, the County Court and District Court judgments did not bar his claim, and a genuine issue of material fact precluded summary judgment. Galvan contends that (1) Garcia's "wrongful eviction claim lacks merit;" and (2) "taken together, the County Court and District Court Judgments bar [Garcia's] Wrongful Eviction claim." Galvan further contends that the trial court erred by refusing to award her sanctions.

Galvan cited no authority in the trial court or on appeal to support the contention that Garcia's claim "lacks merit,"[2] and this ground for summary judgment essentially presents the same argument as the second issue: collateral estoppel.[3] Accordingly, we must determine whether Garcia's claim for wrongful eviction is barred by the final judgments signed in the County Court and District Court actions. We hold that Garcia's claim is not barred, and thus, the trial court correctly denied sanctions.

## I.    Standard of Review

We review *de novo* the trial court's decision to grant a summary judgment. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009). The movant for a traditional summary judgment must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P.

---

[2] *See* Tex. R. App. P. 38.1(i), 38.2(a)(1) (brief must contain citations to authorities).

[3] For example, Galvan argues under the "lacks merit" issue that (1) "The facts and circumstances, made the basis of [Garcia's] claim, have been fully and finally adjudicated, thereby barring [Garcia's] attempt to now prosecute a wrongful eviction claim against [Galvan];" and (2) "[Garcia] cannot . . . claim those judgments were wrongfully entered, which appears to be the crux of [Garcia's] claim in the underlying case. Those judgments are final and not appealable, nor were they appealed in the time frame permitted for such appeals."

166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Summary judgment is proper if the movant conclusively establishes an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Collateral estoppel is an affirmative defense. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex. 1994).

We consider the evidence in the light most favorable to the nonmovant, indulging reasonable inferences and resolving doubts in the nonmovant's favor. *Kane v. Cameron Int'l Corp.*, 331 S.W.3d 145, 147 (Tex. App.—Houston [14th Dist.] 2011, no pet.). We credit evidence favorable to the nonmovant if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848.

## II.    Garcia's Wrongful Eviction Claim is Not Barred by Collateral Estoppel

When, as here, a defendant asserts collateral estoppel based on the plaintiff's status as a party in a prior suit, the defendant must prove that (1) the facts sought to be litigated were fully and fairly litigated in the prior suit, and (2) those facts were essential to the judgment in the prior suit. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 519 (Tex. 1998). The facts sought to be litigated on a wrongful eviction claim include (1) the existence of an unexpired lease; (2) the tenant's occupancy of the premises; (3) the landlord's eviction of the tenant; and (4) damages suffered by the tenant and attributable to the eviction. *See McKenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.); *Reavis v. Taylor*, 162 S.W.2d 1030, 1034 (Tex. Civ. App.—Eastland 1942, writ ref'd w.o.m.); *McCutchin v. Addison Tex. Tumbleweed, Inc.*, No. 05-98-01918-CV, 2001 WL 910940, at *4 (Tex. App.—Dallas Aug. 13, 2001, pet. denied) (not designated for publication); 52A C.J.S. *Landlord & Tenant* § 1065 (2012); 49 Tex. Jur. 3d *Landlord and Tenant* § 310 (2009).

We first address the County Court judgment. "An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession

of property." *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). "Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession." *Id.* Thus, a judgment for a landlord in a forcible detainer action does not bar a tenant's suit for wrongful eviction. *See Magcobar N. Am. v. Grasso-Oilfield Servs., Inc.*, 736 S.W.2d 787, 797 (Tex. App.—Corpus Christi 1987) ("[T]he rule is settled that successful prosecution of a forcible entry and detainer suit does not bar a later action for wrongful eviction."), *appeal dism'd as moot*, 754 S.W.2d 646 (Tex. 1988); *Johnson v. Highland Hills Drive Apartments*, 552 S.W.2d 493, 494 (Tex. Civ. App.—Dallas 1977) (tenant's claim for wrongful eviction was not barred by the prior judgment in a forcible detainer action, which awarded possession to the landlord), *writ ref'd n.r.e.*, 568 S.W.2d 661 (Tex. 1978).[4] Therefore, the County Court judgment does not bar Garcia's wrongful eviction claim.

Similarly, the District Court judgment does not negate the existence of an unexpired lease between Barboza and Galvan. The District Court judgment specifically contemplated the continued existence of the lease by providing for the payment of taxes "for the tax year 2007 and each and every year thereafter on a go forward basis throughout the term of the Lease." The District Court also gave Barboza 30 days from the date of the judgment to bring the property into compliance with all applicable codes, ordinances, and laws. According to Galvan's first supplemental petition in the District Court action, she sought declarations that Barboza breached the lease and that the lease

---

[4] *See also* Tex. Prop. Code Ann. § 24.008 (Vernon 2000) ("An eviction suit does not bar a suit for trespass, damages, waste, rent, or mesne profits."); *Tallwater v. Brodnax*, 137 Tex. 604, 156 S.W.2d 142, 143–44 (1941) (tenant could bring a wrongful eviction claim even though the landlord evicted the tenant pursuant to a writ of possession lawfully issued during the pendency of the landlord's forcible entry and detainer action); *Lofton v. Garden Ridge Apartments*, No. 05-94-00972-CV, 1995 WL 634541, at *4 (Tex. App.—Dallas Oct. 26, 1995, no writ) (not designated for publication) (tenant could bring a wrongful eviction claim when the landlord evicted the tenant pursuant to a properly issued writ of possession and judgment in the landlord's favor in a forcible entry and detainer action); *cf. Ethan's Glen Cmty. Ass'n v. Kearney*, 667 S.W.2d 287, 290 (Tex. App.—Houston [1st Dist.] 1984, no writ) (judgment against the plaintiff in a forcible entry and detainer action did not bar the plaintiff's trespass to try title suit).

was void, voidable, or unenforceable. The District Court denied this relief. The summary judgment evidence does not show that the District Court action resulted in termination of the lease or that Galvan sought termination based on Barboza's breach. Thus, Galvan has failed to conclusively establish that the facts sought to be litigated in this matter were fully and fairly litigated in the prior suit or essential to the judgment in the prior suit.

The trial court erred by granting a final summary judgment for Galvan, and Garcia's issues are sustained. Accordingly, the trial court did not abuse its discretion by denying Galvan's motion for sanctions, and Galvan's issue is overruled.

## CONCLUSION

We reverse the trial court's final summary judgment, affirm the trial court's denial of sanctions, and remand for further proceedings.


/s/     William J. Boyce
        Justice




Panel consists of Justices Seymore and Boyce and Senior Justice Mirabal.[i]

---

[i] Senior Justice Margaret Garner Mirabal sitting by assignment.