Fort Worth & New Orleans Railway Company v. R. P. Sweatt.

Decided February 4, 1899.

**1. License to Railway Company—Right of Way—Revocation.**

A license arising from the fact that the owner of land, with knowledge that a railroad company was constructing its road over the same, made no objections, can not be revoked after the track has been constructed and so long as the company is using it as a right of way for the operation of its road.

**2. Same.**

A railroad company does not abandon land on which it has constructed its track so as to entitle the owner to revoke its license arising from his acquiescence in the construction of the road, by ceasing to operate freight or passenger trains over it, where it continues to use it for purposes incident to and connected with its business in operating the road.

**3. Same—Charge of Court Invading Province of Jury.**

A charge of court, that if the company continues to use its track for switching, making up its trains and parking its cars, there is no abandonment, invades the province of the jury in assuming that such uses of the land occupied by the track were pertinent and incident to its use in operating the railroad.

APPEAL from Ellis. Tried below before Hon. J. E. DILLARD.

*Frost, Neblett & Blanding,* for appellant.

*J. W. Ferris,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by the appellee, as plaintiff, against appellant in the ordinary form of an action of trespass to try title.

We take the following statement from the brief of the appellee: "The action brought by plaintiff was and is in the ordinary form of an action of trespass to try title, the petition being filed April 2d (not April 22d), 1896. The land sought to be recovered is described as a part of the Alfred Polk survey, situated in Ellis County, and in or near the corporation line of the city of Waxahachie, Texas,—is described by metes and bounds fully, showing it to be in width 29 feet, and in length 888 feet and 8 inches. Petitioner charges that the Fort Worth & New Orleans Railway Company ejected the plaintiff therefrom and now occupies the same with its roadbed or track wrongfully, and withholds possession thereof from the plaintiff, to his damage, etc. He prays for judgment," etc. The answer of defendant is: 1. The general issue, not guilty. 2. A special plea, of estoppel in pais,—charging among other things that the plaintiff "agreed and consented that the said line of railway should be constructed thereon," and thereby induced the defendant to expend money and labor in constructing the railway on the said premises; that plaintiff stood by and acquiesced in and consented to the building of defendant's road on said land, etc.; also that plaintiff afterwards sold off adjoining lands to divers other persons, and in the deeds called for defendant's right of way as a boundary, etc., charging that such action estops the plaintiff from now setting up any claims to the premises. 3. The defendant pleads in reconvention, that in case it should be determined that the plaintiff ought to maintain his action aforesaid and recover possession of said premises, then the defendant reconvenes against the plaintiff and prays that the premises aforesaid claimed by him be now condemned "for the use and occupation of defendant as a right of way" for its line of railway thereon. And he prays that the damages be assessed, and that he have judgment for the right of way as an easement, etc.

By way of replication to these pleas of defendant, the plaintiff filed his supplemental petition, and, first, he pleads a general denial of all the allegations made in defendant's first special plea, which alleges an estoppel in pais as aforesaid; second, the defendant's plea in reconvention aforesaid asking for a condemnation by the court, the plaintiff replies specially setting out the facts. He alleges that under the general laws of Texas the defendant obtained a charter to construct, maintain, and operate a railway from Fort Worth, Texas, through sixteen counties of Texas (naming them),—Tarrant, Johnson, Ellis, and Navarro being

four of them,—southeasterly, a distance of about 3000 miles, in the direction of New Orleans, La.; that prior to that a railroad had been constructed under the name of the Central Texas & Northwestern Railroad Company, extending from Garrett to the city of Waxahachie, a distance of about twelve miles, and into said city, constructing its depot at a point about two blocks from the public square; which said road went under the general management of the Houston & Texas Central Railroad Company; that said defendant, under the pretense of constructing an independent line and extending it to New Orleans, La., projected their said road into and through Waxahachie, and through the residence portion thereof to a connection with said Central Texas & Northwestern Railway near the eastern line of said city; that soon thereafter the said defendant's railroad also went under the general management of said Houston & Texas Central Railroad Company, whereupon said Central Texas & Northwestern Railroad was extended from its terminus, and from their said depot, westerly to an intersection with the track of the Fort Worth & New Orleans Railroad west of said city, thus forming a continuous line of railway from Garrett to Fort Worth, and leaving so much of the Fort Worth & New Orleans Railway track as extends from the intersection aforesaid on the east to the intersection on the west, including the depot and depot grounds, wholly and entirely without any public use or necessity therefor. The plaintiff further avers that the land here sued for is a part of said abandoned road track lying between said intersection on the east and said intersection on the west, and that the efforts made by defendant to condemn the same is not made in good faith and for the bona fide purpose of operating a railway thereon as a public highway; but that the same is being attempted for private purposes and for private uses, and that said abandoned roadbed and said abandoned depot thereon has been so used for private purposes since the construction thereof and is now being so used; that there is no permanent public use or public necessity for the condemnation of the land sued for herein, but that the effort of defendant now to condemn said land is a pretext and subterfuge to defeat plaintiff in his action to recover his own property.

Upon this state of pleadings the cause went to trial before a jury in the District Court of Ellis County, which resulted in a verdict for plaintiff, and in a judgment in his favor for a recovery of the land sued for, and for the possession thereof and for all costs of suit. The defendant's motion for a new trial was overruled, to which he excepted and gave notice of appeal.

It appears that on the trial no action was taken by the court or jury on the defendant's plea in reconvention, together with the plaintiff's replication thereto. There was no charge relating to the issues formed by those pleas asked by the defendant. The nonaction by court and jury aforesaid is not complained of as error, either in the motion for a new trial, or in the assignment of errors.

Appellant's first assignment complains of the following paragraph of the general charge of the court: "The jury are instructed that if they believe from a preponderance of the evidence that some time during the year 1886 the defendant, the Fort Worth & New Orleans Railway Company, constructed a line of road across the land in controversy and across the residence portion of the city of Waxahachie and connected the same with a line of road belonging to the Central Texas & Northwestern Railway Company at the eastern limits of the corporation of Waxahachie, and that shortly thereafter said defendant, the Fort Worth & New Orleans Railway Company, connected its line of road with that of the said Central Texas & Northwestern Railway Company in the western part of said city, and that a short time thereafter it, said defendant, permanently abandoned or ceased to use all that portion of its road extending across the land in controversy, and across the residence portion of the city of Waxahachie, for the purpose of running its freight and passenger trains thereon, and in using the same for a different purpose not contemplated at the time of the construction of the road, then plaintiff would be entitled to recover the land in controversy, and the jury should so find and state in their verdict."

The objection to this charge, as claimed by appellant, is that it attempts to define what constitutes abandonment, that is, a failure to use said track and road built upon the premises in controversy for the purpose of running its freight and passenger trains thereon, and in using it for a different purpose from that contemplated at the time of the construction of the road. It is further contended that the testimony shows that the defendant still uses and has at all times used said tracks for the purpose of switching, making up trains, and parking cars, which use, it is insisted, is pertinent to the business of said railroad and said railroad company.

In this case the railroad company never acquired title to the land by condemnation or deed. At most the railroad can only claim the rights of a licensee, arising from the fact that plaintiff, as claimed by the company, with knowledge that it was constructing its road over his land, having stood by and made no objection to such construction, but encouraged the same, is estopped from interfering with its use so long as the company uses the same for right of way purposes. 3 Elliott on Railroads, sec. 949.

There is authority to the effect that a license to a railroad company to lay its track upon the lands of another may be revoked by the licensor even after the track has been laid and possession of the land acquired. Elliott on Railroads, supra, and note 2, p. 1324.

The more reasonable rule, we think, is that such a license can not be revoked after the track has been constructed and so long as the railroad company is using it as a right of way for the operation of its railroad. 3 Elliott on Railroads, supra, and notes on p. 1327.

If in this case the appellant railroad company abandoned the land in

controversy for the operation of its railroad, the plaintiff became entitled to possession of the same and he could recover it in a suit of trespass to try title. Hays v. Railway, 62 Texas, 398; 3 Elliott on Railroads, sec. 931. ·

The question for the jury to determine is, has the railroad company abandoned the land in dispute for the operation of its railroad?

This issue should be submitted to them without restriction. In the charge complained of the court instructs the jury, that if "defendant has permanently abandoned or ceased to use all that portion of its road extending across the land in controversy and across the residence .portion of the city of Waxahachie for the purpose of running its freight and passenger trains, and is using the same for a different purpose not contemplated at the time of the construction of the road, then plaintiff would be entitled to recover the land in controversy."

This charge limits the question of abandonment of the land to its abandonment for the purpose of *operating its freight and passenger* trains. It may be that the abandonment of a right of way for the purpose of running the passenger and freight trains of the company would not constitute such an abandonment as would authorize the former owner to recover possession of the same. If it be still used by the company for purposes incident to and in connection with the defendant's business in operating its railroad, it would not be considered abandoned. 3 Elliott on Railroads, sec. 931; Mills on Em. Dom., sec. 320: Columbus v. Railway, 37 Ind., 294; Muhle v. Railway, 86 Texas, 460.

The defendant company contended that it had been using and still continued to use the land for purposes connected with the business of its railway and had not abandoned it. It requested a charge, which the court refused, to the effect that if the railroad company had used and continued to use that part of its railroad track in question for purposes connected with the business of its railway, such as switching, making up its trains, and parking its cars, then there is no abandonment. This charge we do not think correct, in that it invades the province of the jury, yet it was sufficient to direct the attention of the court to the error in the main charge. It was for the jury to say from the evidence whether the uses made of the land by the company were pertinent and incident to its use in operating its railroad.

The evidence upon the question of abandonment is voluminous and contradictory. The issue is sharply contested, and the facts called for a clear statement of the law governing the question.

There was error in the charge limiting this issue to the question whether the land had been abandoned as a right of way for the operating of the freight and passenger trains of the railroad company.

The remaining assignments of error relate to the action of the court in refusing special charges requested by the railroad, and nearly all of them relate to the question of abandonment. We think the above sufficiently covers this phase of the case, and we will not discuss in detail the

remaining assignments. As the case will go back for another trial, we have not deemed it proper to discuss the evidence.

For the error in the charge, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Rainey, Associate Justice, did not sit in this case.