### REYNOLDS et al. v. McLEMORE.
### (No. 1338.)

(Court of Civil Appeals of Texas. El Paso. May 4, 1922.)

1. **Easements** ⬅⇒8(2, 3) — **Permissive right over land not basis for prescriptive right.**

Where the right in its inception, to use the land of another for the erection of telephone poles, and to connect with a private telephone line on the other's land, was permissive, and the exercise of the right had never been antagonistic to the other's rights, nor in any sense adverse, there was no basis for the assertion of a prescriptive right.

2. **Licenses** ⬅⇒58(1, 4)—**Oral agreements as to real property revocable if without consideration.**

A license relating to real property, based upon an oral agreement, and for which no consideration is paid, is revocable at the will of licensor so far as any further enjoyment of the privilege goes, but an exception to the rule is recognized in the case of an executed license on the faith of which the licensee has incurred expense, and made improvements which he would not have made had the license not been granted.

3. **Licenses** ⬅⇒58(4) — **Facts insufficient to bring case within exception to rule as to right to revoke license based on oral agreement.**

Where the owner of land received no consideration from others for the erection of telephone poles and the connecting of other telephone lines with his privately owned line, in an action to enjoin the owner from disconnecting the lines, and refusing to allow plaintiffs the continued use of the poles on his land, facts *held* not to show an executed license which would be an exception to the rule that a license relating to real property on oral agreement is revocable at the will of the licensor.

Appeal from District Court, Shackelford County; W. R. Ely, Judge.

Action for injunction by Justus H. Reynolds and others against Wade McLemore. From an order dissolving a temporary injunction, plaintiffs appeal. Affirmed.

S. C. Coffee and A. A. Clarke, both of Albany, for appellants.

J. A. King, of Albany, and W. J. Cunningham, of Abilene, for appellee.

HIGGINS, J. This is an appeal from an order in vacation dissolving a temporary injunction. Briefly stated, the material facts out of which the litigation arose are as follows:

In 1897 or 1898 J. T. Hazelwood constructed a telephone line from the town of Albany, in Shackelford county, to his ranch about 20 miles distant. Leaving the town of Albany the line ran for a number of miles along the public road; thence upon Hazelwood's land to his ranch house. In 1901 or 1902 Justus H. Reynolds constructed a telephone line from his ranch house to the Hazelwood home, where it was connected with Hazelwood's line. For about one mile Reynolds' line was constructed upon Hazelwood's land. Reynolds built his line upon Hazelwood's land, and made the connection with the latter's permission, orally given. Hazelwood

---

⬅⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

made no charge for the privilege thus accorded. Subsequently Hazelwood conveyed his ranch to the appellee, McLemore, together with the telephone line leading from his ranch house to Albany. Subsequent to the building and connection by Reynolds of his line, a number of other persons (interveners herein) built lines from their respective homes, and connected with Reynolds' line, these connections being made with the verbal permission of Reynolds and either Hazelwood or McLemore. These connections were made without any charge therefor upon the part of either Reynolds, Hazelwood, or McLemore. It appears, however, that it was understood by all of the parties that the expense of maintaining the line from the Hazelwood ranch house to Albany was to be borne by them in equal proportions, and that Reynolds and the interveners have borne their share of that expense. Shortly before the institution of this suit McLemore cut the Reynolds connection, but permitted it to be restored. On July 14, 1921, McLemore gave Reynolds written notice that all connections with his private line leading from Albany to his ranch house must be discontinued after August 1, 1921. McLemore in the notice stated that it was given so that Reynolds might move his poles and wire off the McLemore land, and make other arrangements. The reason assigned by McLemore in the notice for his intention to discontinue the connections was that the system, as then maintained, had become intolerable, and very unsatisfactory. Thereupon Reynolds filed this suit against McLemore, and a temporary injunction was issued restraining McLemore from severing the connection. The parties who had connected with Reynolds' line intervened, and sought the same relief. A temporary injunction was issued as prayed for, which, upon motion, was dissolved, from which order Reynolds and the interveners prosecute this appeal.

The wires were permanent fixtures, and are to be regarded as a part of the freehold as contradistinguished from personal property. Keating, etc., v. Marshall, etc., 74 Tex. 605, 12 S. W. 489; Stearns L. & P. Co. v. Central Trust Co., 223 Fed. 962, 139 C. C. A. 442, and many cases there cited; Telegraph Co. v. Middleton, 80 N. Y. 408; In re Des Moines Water Co, 48 Iowa, 324; 37 Cyc. 854; notes in 15 L. R. A. 299, and 66 L. R. A. 56. The privilege originally given by Hazelwood to Reynolds, whereby the latter was permitted to connect his wire with the wire of the former and use the same for telephonic communication, was simply a license, and not an easement.

[1] It is, in effect, contended by appellants that they have acquired by prescription a right to maintain the connection with and use of the privately owned line of McLemore. But the right in its inception was permis-sive, and evidently has always been so. Its exercise has never been antagonistic to Hazelwood's or McLemore's rights. It has never been in any sense adverse. Under such circumstances there is no basis for the assertion of a prescriptive right. Cunningham v. San Saba County, 1 Tex. Civ. App. 480, 20 S. W. 941.

[2] In our opinion the controlling question is whether the license is revocable. The rule is that a license relating to real property, based upon an oral agreement, and for which no consideration is paid, is revocable at the will of the licensor, so far as any further enjoyment of the privilege goes; but in many of the states an exception to the rule is recognized in the case of an executed license on the faith of which the licensee has incurred expense and made improvements which he would not have made had the license not been granted. The trend of the Texas decisions seems to recognize and sustain such an exception. Railway Co. v. Jarrell, 60 Tex. 267; Railway Co. v. Sweatt, 20 Tex. Civ. App. 543, 50 S. W. 162; Railway Co. v. Johnson (Tex. Civ. App.) 156 S. W. 253; Hall v. Willmering (Tex. Civ. App.) 209 S. W. 226. Apparently contra, however, are Telegraph Co. v. Carver (Tex. Civ. App.) 74 S. W. 55, and Adams v. Weir (Tex. Civ. App.) 99 S. W. 726. See, also, Parsons v. Hunt, 98 Tex. 420, 84 S. W. 644.

[3] This exception to the general rule that a license is revocable at the will of the licensor rests upon an equitable estoppel and in the case at bar the facts are insufficient to warrant its application. It is undisputed that no consideration moved from Reynolds to Hazelwood for the privilege when it was granted, and Hazelwood testified:

"At the time I permitted Mr. Reynolds to connect there, there was not anything said between him and me, that I reserved the right to cut him off at my pleasure. I do not think that was ever mentioned. It was not mentioned at all that I remember.

"Q. You never had any intention of cutting him off at your pleasure? A. Yes, sir; I did.

"Q. You never had any intention of cutting him off unless you had cause? A. No, sir. Certainly not. But if I had had cause I think I would."

Reynolds testified:

"There was nothing stated by Mr. Hazelwood at the time I made the connection with his line as to how long I was to remain connected. There was nothing said between Mr. Hazelwood and me about how long I was to remain connected. There was no understanding. There was nothing said to me about that."

According to Reynolds it cost him about $200 to build the line from his house to the point of connection, and that Hazelwood permitted him to cut the posts for the line from Hazelwood's land without charge. Since the date of the connection, about 20 years ago,

Reynolds has incurred an expense of about $15 as his part of the cost of maintaining the line from Hazelwood's to Albany. About 1915 the route of the line from Hazelwood's to the county road was changed to shorten it and eliminate two crossings over a stream. In making this change Reynolds' son put in a few days work for his father, and Reynolds paid out $7.55 as his share of the expense of changing the route. Under the facts indicated it may well be assumed in the first place that, when Hazelwood permitted the connection to be made, neither of the parties contemplated that any irrevocable right was being granted, or that Hazelwood had the slightest intention of permitting Reynolds to maintain the connection with and use of his private line regardless of future developments and conditions. Furthermore, considering that the privilege was originally granted without consideration, that the same has been enjoyed for many years at slight expense by Reynolds, and that to perpetuate the privilege would operate as a hardship upon McLemore's rights, we think that no such equitable considerations obtain as would authorize the application of the exception to the general rule that a license is revocable at the will of the licensor.

As to the interveners in the case, they occupy no better attitude than Reynolds, to whose line they have connected. In fact the record presents but little, if any, equitable consideration in their favor.

We note that it is averred in Reynolds' petition that he was a joint owner of the line from McLemore's house to Albany. The evidence fails to support this allegation. It is all to the contrary.

For the reasons indicated the dissolution of the injunction presents no error.

Affirmed.