### KARCHMER et al. v. TEXAS CO. et al.
#### No. 3833.

Court of Civil Appeals of Texas. Texarkana.
April 30, 1930.

Rehearing Denied May 8, 1930.

B. F. Gafford and Edwin M. Fulton, both of Sherman, for appellants.

H. S. Garrett, of Fort Worth, and Head, Dillard, Maxey-Freeman, McReynolds & Hay, of Sherman, for appellees.

WILLSON, C. J. (after stating the case as above).

Appellants insist that the trial court erred when he instructed the jury to return a ver-

dict in appellees' favor, and when, the jury having returned such a verdict, he rendered judgment awarding appellees the relief they prayed for. We think the contention should be sustained.

It appeared from the testimony that, in 1885, W. B. Munson owned lot 9 situated in the south half of block 13 in the city of Denison, and that the Denison Cotton Company owned lots 1, 2, and 3 situated in the north half of said block. During that year the Missouri, Kansas & Texas Railway Company of Texas constructed a "spur-track" from a point on its line of railway (now the appellee railroad company's line of railway) to the south line of said lot 9, thence upon and across same (Munson verbally consenting) to and over an alley running east and west through and dividing said block, and onto said lot 2, where said cotton company had constructed a gin. The spur track, Munson testified, was "for the purpose of delivering coal for fuel and shipping the output of the gin." In 1887, the cotton company sold and conveyed said lots 1, 2, and 3 to the Sherman Oil & Cotton Company, which, in 1905, sold and conveyed them to the Knour-Lindsey Grain Company. During the time the companies mentioned respectively owned the lots (1, 2, and 3), the spur track was used by said Missouri, Kansas & Texas Railway Company of Texas in carrying freight to and from plants of said companies situated thereon. In 1907, the grain company sold and conveyed the lots (1, 2, and 3) to appellant K. Karchmer, who used them in his business as a junk-dealer until 1909, when he sold and conveyed them to the appellee Texas Company. After so conveying the lots (1, 2, and 3), said K. Karchmer carried on his business as a junk dealer on said lot 9, which he had leased from said W. B. Munson and which he purchased from said Munson in 1917. The testimony was conflicting as to whether the spur track extended from lot 9 across the alley to lots 1, 2, and 3 during the time K. Karchmer owned said lots 1, 2, and 3, and as to whether the railway company during that time used the part of the spur track on lot 9. There was testimony that lot 9 was then inclosed by a fence and used by K. Karchmer as a junk yard, and testimony that said spur track extended no farther than to the alley and was not used by the railway company. There was testimony that, about a year after K. Karchmer conveyed lots 1, 2, and 3 to the Texas Company, the spur track was again extended across the alley to lot 2, and that the railway company thereafter until a short time before this suit was commenced used the track in carrying freight to and from the Texas Company's plant on said lots (1, 2, and 3). There was testimony that such renewed use of the spur track was with the consent of said K. Karch-mer first asked and obtained, was through gates forming a part of the fence around the lot, and with the understanding that the use was to continue only so long as K. Karchmer was in the attitude of consenting thereto. For anything appearing to the contrary in the evidence, Munson's sole purpose in consenting that the spur track might be built upon and over lot 9 was to benefit the Denison Cotton Company, in which he was a stockholder; and the railway company's sole purpose in constructing the track was to provide a way by which it could carry freight to and from said cotton company's plant on lots 1, 2, and 3. There was no evidence of any agreement between Munson and the railway company as to how long the license to the latter to use lot 9 as stated should continue. Nothing was said about the track on the lot and a right in the railway company to use it at the time Munson sold and conveyed it to K. Karchmer, nor at the time K. Karchmer sold and conveyed lots 1, 2, and 3 to the Texas Company. There was no evidence showing that the spur track was constructed at the expense of the railway company, nor, if it was, what it cost the company.

■■ The theory on which the trial court acted, it is assumed, was that Munson's consent to the construction of the spur track on lot 9 was not for the benefit of the Denison Cotton Company alone, and did not operate merely as a license to the railway company to maintain the track on the lot only so long as said company owned said lots 1, 2, and 3 and carried on its business thereon, but instead operated as a license to said railway company to so maintain said track to serve any business carried on by any person on said lots (1, 2, and 3), and when the track was constructed became an "executed" license and therefore irrevocable (within the rule recognized in Ry. Co. v. Sweatt, 20 Tex. Civ. App. 543, 50 S. W. 162) by either Munson or his successors in the title to lot 9. It is plain, we think, that, if evidence hereinbefore referred to did not demand a finding to the contrary of the theory stated, it would have supported such a finding by the jury. And it is plain also, we think, that in the face of such a finding by the jury appellants would not have been entitled to the judgment they obtained. Parsons v. Hunt, 98 Tex. 420, 84 S. W. 644. Moreover, if it did not conclusively appear from the evidence that the license granted by Munson was revocable by him and by K. Karchmer, to whom he conveyed lot 9, we think it would have supported a finding that the rights conferred by the license had been lost by abandonment and nonuser. 37 C. J. 289.

The judgment is reversed, and the cause is remanded to the court below for a new trial.