CARL JAMES CLARK V. STATE.

No. 24345. May 25, 1949.
Rehearing Denied June 22, 1949.
Appellant's Request to File Second Motion for Rehearing Denied
(Without Written Opinion) October 12, 1949.

*Noah Roark, H. E. (Bill) Tarpley* and *Bowen C. Tatum,* Dallas, for appellant.

*Sam Cleveland,* District Attorney, of Stephenville, and *Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is theft of a tractor over the value of fifty dollars. The punishment assessed is confinement in the state penitentiary for a period of two years.

The record reflects that on the night of the 5th of August, 1947, a Fordson tractor was stolen from Lloyd Hines at or near Dublin in Erath County. About three weeks later the tractor was found in or near the city of Dallas in the possession of appellant, who was using it to cut grass. Appellant was arrested by a city policeman and the tractor was taken from his possession, carried to the office of the police department where an examination was made of it, and this led to the discovery that the serial number had been filed off. Heat was then applied to the motor which brought out the serial number so that the numerals could be read. A photograph was then made of the tractor with the serial number visible.

Mr. Hines was notified by the police department, and he went to Dallas and identified the tractor as the one which had been stolen from him.

It was appellant's theory, finding support in the evidence, that he acquired the tractor in question from one Fred Guthrie, who, since then, had been committed to an insane asylum.

The court in his charge instructed the jury on the law of theft, on circumstantial evidence, and on appellant's defensive theory, to which no objections were addressed.

Appellant brings forward six bills of exceptions in which he complains of the admission in evidence of certain testimony to which he, in due time, objected. These bills will be discussed and disposed of in their numerical order.

Bill of Exceptions No. 1 reflects the following occurrence: The state called Marvin Farris, who testified that he was a mechanic; that in the latter part of the year 1946, he repaired the tractor in question; that at that time he copied the motor number of the tractor in his workbook; that when the state offered

the sheets of the workbook in evidence, appellant asked the district attorney for the privilege of examining them before they were introduced. The district attorney declined to grant the request, whereupon, he moved the court to require the district attorney to permit him to inspect the same. The motion was overruled and he excepted. The bill further shows that after the sheets had been introduced in evidence appellant's attorney was permitted to inspect them, but he urged no objection thereto nor made any motion to strike the same, nor does he claim any injury resulted to him by reason of their introduction in evidence. Consequently, he has no just ground for complaint.

Bills of Exception Nos. 2 and 3 may be considered and disposed of together since each bill complains of the introduction of similar testimony by the state. Bill No 2 shows that R. R. Harwell, a police officer of the city of Dallas and witness for the state, testified that he went out to where appellant was at work; that he noticed that appellant had two tractors; that he arrested appellant on suspicion without a warrant; that he examined the tractor and found that the motor number appeared to him to have been filed off; that he had no search warrant and no writ of possession; nevertheless, he took possession of the tractor and carried it to the office of the police department where he had heat applied to the motor which brought out the motor number sufficiently clear so that the numerals could be read, and then he stated what the serial number was. He further testified that at the time he did not have any knowledge that the tractor was stolen; that appellant told him that the tractor belonged to him. He objected to all of this testimony on the ground that the evidence was illegally obtained by the officer; that it was inadmissible and prejudicial. The objections were overruled and he timely excepted.

Bill of Exception No. 3 reflects the following occurrence: While R. R. Harwell, the city policeman, was testifying for the state, he testified as to what appellant told him after he had placed him under arrest, to which he objected on various grounds not necessary to here state. The objections were overruled and he excepted.

These two bills as well as some of the others might reflect error if it were not for the fact that appellant waived a search warrant. The officer, Harwell, testified that he told appellant that he wanted to look the tractor over to which appellant made no objection. He told him that he was going to take the tractor to which he, appellant, replied, "They are mine—go on and take

them." If this was a waiver of his constitutional right, and we think it was, then all the evidence complained of in the various bills of exception was admissible. That such right may be waived is well recognized in this state as well as in other jurisdictions. See Amer. Jur., Vol. 47, p. 547, Sec. 71; and Tex. Jur., Vol. 38, p. 78, Sec. 54.

Bill of Exception No. 6 reflects the following occurrence, to-wit: The sheriff of Erath County was permitted to testify to a certain conversation between himself and Lloyd Hines, the owner of the tractor, in the absence of the defendant to which appellant objected on the ground that it was in his absence, was irrelevant, immaterial, and prejudicial to his rights. The objection was overruled. While this testimony may not have been admissible, it was not hurtful in view of the other evidence of similar import. We think the error, if any, was harmless error.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's main complaint herein is relative to the introduction of the testimony of the officer who arrested appellant wherein after such arrest when told that the officer was going to take such two tractors appellant said, "They are mine, go ahead and take them."

Appellant's contention herein, sustantiated by the testimony of many witnesses, was to the effect that such tractors were his, and he used many witnesses to establish such fact. The testimony of his mother-in-law who visited his home frequently shows the following:

"Yes, sir, I do know that the same two tractors I referred to awhile ago are the same two tractors and only two tractors he had in his possession until the officers took them away from him. As to where he obtained the tractor which is in controversy in this court at the present time, he got it from Fred Guthrie. * * * Yes, sir, that tractor that was bought from Mr. Fred Guthrie is the identical tractor that is in contro-

versy. * * * As to what I am testifying about is that the the tractor belonged to him."

The burden of all the defense testimony was that appellant owned this tractor identified by Mr. Hines as his, and had owned same prior to the night of August 5, 1947, it being the night that Mr. Hines missed the same. Appellant claimed to own such tractor since April, 1947, prior to the disappearance of the Hines tractor.

The burden of this defense and the purpose of such testimony was that the tractors belonged to appellant. The testimony objected to being, "They are mine, go ahead and take them," is but a statement relative to the ownership of appellant and was in line with his defense testimony reiterated by practically all of his dozen or so witnesses. We think such testimony could not have injured him in any way, but actually benefited him in bringing forth his defense which was stoutly maintained by his array of witnesses herein.

We are not in accord with the allegation of error in the officer taking possession of one of the tractors in the absence of a search warrant. Article 325, C. C. P. gives any person the power to seize any personal property which he has reasonable ground to believe had been stolen, and with such property the offender can be taken before a magistrate for examination. It is worthy of note that such seizing officer testified that he had reason to believe one of such tractors was stolen property, and the power to arrest carries with it the power to take the supposed stolen property.

We see no error evidenced herein, and the motion will therefore be overruled.