### H. & I. IMPROVEMENT CO. et al. v. THREE B CO.

No. 9869.

Court of Civil Appeals of Texas. Austin.

April 12, 1950.

Rehearing Denied May 3, 1950.

Leo Brewer and Grady Barrett, San Antonio, of counsel; Brewer, Matthews, Nowlin & Macfarlane, of San Antonio, for appellants.

Hubert W. Green, and Frank M. Rosson, of San Antonio, for appellee.

ARCHER, Chief Justice.

The Three B Company, as plaintiff, instituted this suit against H. & I. Improvement Company et al., seeking a temporary injunction prohibiting further work on a mechanical contrivance on a stairway, and in mandatory form directing the removal of said contrivance and any and all obstructions upon said stairway, and for restoration of the stairway to its former condition, for permanent injunction, for judgment fixing and confirming an easement, for damages, etc.

The stairway in question is between buildings owned by the respective parties but on the property of appellant. Plaintiff claimed that it owned an easement in said stairway in common with defendant H. & I. Improvement Company by express grant, or, in the alternative, by an implied grant, and by prescriptive right, and by estoppel. The stairway serves as an entrance from the street to the upper floor of both buildings, and was built more than fifty years before the filing of the suit, and used by the plaintiff and its predecessors for ingress and egress and general use as a stairway for the movement of persons

and goods from the sidewalk to the upper floor, in common use made by defendants and their predecessors in title; that use was open and adverse under a claim of right to an easement.

The defendants answered by way of general denial, and defendant H. & I. Improvement Company filed a cross-action, alleging that plaintiff had no easement in the entire stairway, plead the statute of frauds to any claim to an easement not expressed in writing, that it was an innocent purchaser for value, without notice, actual or constructive, of the easement asserted by plaintiff on the whole of the stairway, and for removal of cloud cast on its title, as to the claim on the entire stairway, or at least on all except as to three feet four inches thereof on the north side of said stairway in common with defendant.

The defendants also alleged that plaintiff had no easement by way of necessity, as it had other means to enter the second floor of its building; that plaintiff was estopped to assert an easement to the whole of said stairway by reason of the limitations contained in the deed to it by J. K. Beretta in 1940, which described the common easement as three feet four inches wide on the south side of the party wall between said buildings.

In deed dated June 16, 1874, Mary A. Maverick, for herself and as executrix, conveyed to Mary B. Maverick the lot occupied by the building now rented, with privilege of stairway three feet and four inches wide on the south side, fronting Soledad Street, in common with the adjoining building; both side walls of the building on this lot are party walls.

In the same deed Mrs. Maverick conveyed to Albert Maverick the lot adjoining and south of the last mentioned lot, allowing stairway as specified in description of last mentioned lot, the north wall being a party wall.

Albert Maverick in 1883 conveyed his lot to J. H. Kampmann, and recited that "the said Terrell property is entitled to privilege of stairway three feet and four inches wide."

In 1885 Kampmann erected the present building, and the smaller stair was replaced by the present six foot two inch iron stair. This stair was used by all persons, owners, tenants and the public who had occasion to do so freely.

On April 28, 1914, Mary Terrell Giesting and husband conveyed to J. K. Beretta the property described in the pleadings, with this recitation: "Also hereby specially granting, selling and conveying, along with and as a part of an appurtenant to said lot, unto the said J. K. Beretta, an easement or privilege of stairway, three feet and four inches wide at least, on the south side of said party wall, fronting Soledad Street, which is in common with adjoining building on the south * * *."

In the deed from J. K. Beretta to Three B Company, dated January 1, 1940, there is this recitation: "I do specially grant * * * as a part of and appurtenant to said property * * * my right * * * in and to an easement or privilege of stairway three feet and four inches wide on the south side of said party wall * * *."

In the deed from J. H. Kampmann et al., dated May 4, 1927, to the Commerce Company, the recitation is made: "If any rights exist by virtue of the recital in reference to the stairway contained in the deed from Mary A. Maverick to Mary B. Maverick and others, dated June 16, 1874, same are excepted from the foregoing warranty."

In the deed from The Commerce Building Corporation to the San Antonio Loan & Trust Company, dated July 14, 1944, the statement is made that the warranty is subject to the easement referred to in deed from Kampmann et al. to the Commerce Company. A similar statement is made in the deed from the San Antonio Loan & Trust Company to H. & I. Improvement Company, dated July 21, 1944.

The entrance to the stairway from the street was through two doors. The two doors were changed to one door between February and May 1940, later the door was changed to open from the outside, and a show window, blocking off the south side of the stairway, has been in existence since the door was put in. The plaintiff was given a key to the door. Prior to the changes making the extension of the show window and installation of the door, the

general public came up and down the stairway.

In 1947 the defendant authorized the placing of a popcorn machine in front of the stairway.

On January 14, 1947, the following letter was written:

"Mr. Herman Brenner,
"% Bern's Department Store,
"100 Soledad Street,
"San Antonio, Texas.
"Dear Mr. Brenner: Mr. I. Brenner, of the Three B Company, owner of the property at 108 Soledad Street, has consulted us regarding an obstruction which has been placed in front of the stairway leading up to the upper floor and separating the properties of the Three B Company on Soledad and the property on the corner. As you probably know, our client has an easement on this stairway under the terms of the deeds relating to both properties, and we are entitled to free and unrestricted ingress and egress in order to use this stairway for all purposes in connection with our business. We understand that you have leased an area directly in front of the stairway and that it is now occupied by a popcorn machine or some similar merchandise machine, and the operations have in fact materially interfered with the free right-of-way and passage and easement of our client.

"We request that you get in touch with us regarding this matter, or have your attorney to do so at the earliest practicable date.

"Awaiting your prompt attention, we are,
   "Yours very truly,
            "Green & Rosson."

It may be noted from the letter that the appellee, "our client has an easement on this stairway under the terms of the deeds relating to both properties."

The popcorn machine referred to in the letter was removed.

All witnesses testified to the free and unrestricted use of the stair in common with the respective owners and tenants and by the public in general who had occasion to use the same, until the doors were locked in 1940.

During the Christmas holidays in December 1948, appellant placed a mechanical conveyer belt system over the south portion of the stair and over its entire length.

The trial was before the court and resulted in a judgment for plaintiff fixing and declaring an easement in common with defendant on the whole stairway based on prescriptive findings, and granted mandatory injunction for the removal of the escalator from the stairway. This order was suspended during appeal and final adjudication of the case. No damage was allowed.

The court filed extensive findings of fact and conclusions of law.

This case is before this court on seven points assigned as error, and on which we are asked to reverse this cause, and either render or remand to the district court.

By the first assignment the sufficiency of the evidence to show a prescriptive easement in plaintiff on the entire stairway in common with defendant is raised. A determination of this assignment will largely, if not actually, dispose of this appeal. Appellee says that the substantial question on the trial was as to whether appellant had the right to restrict appellee to a part only of the stair, to-wit: to the north three feet four inches thereof; that it was upon that issue that the trial court found against appellant on the ground of prescription and granted judgment for an easement on the entire six-foot two-inch stair.

In the findings of fact and conclusions of law made by the trial court there is this paragraph: "During the time of use herein described of said stairway by plaintiff, its agents, tenants, and invitees, and the like use by plaintiff's predecessors in title, extending back to about 1885, such use of the whole stairway was in common with a similar use by defendants, and its or their agents, tenants and invitees, and a like use by defendants' predecessors in title; but such use by plaintiff and its predecessors in title was not in reliance upon or in subordination of or by permission of such other users, nor did such use by plaintiff and its said predecessors depend upon any use

made by others, but on the contrary, it was independent of any right or claim of theirs, and upon a separate and distinct claim and right of its and their own."

The deeds referred to herein fixed the easement or privilege of appellee and its predecessors in title to use the north three feet and four inches of the stairway, and the use was in common with that of appellants and their predecessors in title.

From a careful reading of the record in this case it is inescapable that the use of the stairway by plaintiff was permissive and its use in common with defendant and therefore no prescriptive easement was or could be acquired by the plaintiff or any of its predecessors in title.

"An important essential in the acquisition of a prescriptive right is an adverse use of the easement. 'Generally, the hostile and adverse character of the user necessary to establish an easement by prescription is the same as that which is necessary to establish title by adverse possession. If the enjoyment is consistent with the right of the owner of the tenement, it confers no right in opposition to such ownership.' 17 Am.Jur., Easements, Sec. 63 p. 974, citing cases from 22 jurisdictions, among which are Weber v. Chaney, Tex.Civ.App., 5 S. W.2d 213, er. ref., and Callan v. Walters, Tex.Civ.App., 190 S.W. 829. Therefore, the same authority declares in Sec. 67, at page 978, 'The rule is well settled that use by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription, since user as of right, as distinguished from permissive user, is lacking', citing, among other cases, Klein v. Gehrung, 25 Tex.Supp. 232, 78 Am.Dec. 565." Othen v. Rosier, Tex.Sup., 226 S.W.2d 622, 626.

We have given careful consideration to all cases cited by appellants.

The appellee is entitled to the free and unobstructed use of the north three feet and four inches by virtue of the clauses in the several deeds, but does not have a prescriptive right adverse to the appellants in the entire stair. Any use that appellants make of the south two feet and eight inches shall be such as will not interfere with the appellee's use of the north portion of the stair.

The disposition we have made of the first points renders a further consideration of the other assignments made by appellants unnecessary.

The judgment of the trial court is reversed and the cause remanded. The mandatory injunction commanding the defendants to remove the conveyer belt system from the stairway is reversed and judgment here rendered setting aside the commanding order.

Reversed and remanded in part and reversed and rendered in part.