Elizabeth **EICKENROHT** et al.

v.

**UNITED GAS CORPORATION.**

Civ. A. 2300.

United States District Court
W. D. Texas,
San Antonio Division.

Nov. 30, 1957.

W. P. Dobbins, of Dobbins & Howard, San Antonio, Tex., for plaintiff.

Josh H. Groce, of Eskridge, Groce & Hebdon, San Antonio, Tex., for defendant.

BEN H. RICE, Jr., Chief Judge.

Pursuant to Rule 52(a), Fed.Rules Civ.Proc., 28 U.S.C.A., this Memorandum of Decision is filed and contains the findings of fact and conclusions of law in this case, the facts of which have been stipulated by the parties.

This case grows out of a gas explosion which occurred in the Weinert-Bauchman building in the town of Seguin, which was adjacent to the building owned by the plaintiffs. The defendant United Gas Corporation has stipulated that it is liable for all damages which the law placed on it by reason of such explosion, and has stipulated further that $1,807.93 damages actually resulted to the building owned by the plaintiffs for which judgment will be entered.

In addition to the physical damage to the plaintiffs' building, the plaintiffs contend that they are entitled to additional damages because their means of ingress and egress to the building through the Weinert-Bauchman building was destroyed, and a brief statement of the facts in connection with this item should be made.

In 1910 Alfred Eickenroht was desirous of erecting a 2-story building adjacent to a building which was at that time owned by the Seguin State Bank & Trust Company, such bank having authorized Eickenroht to use the North wall of its building as the South wall of the Eickenroht building. The original plans for the Eickenroht building called for the erection of an inside stairway leading to the second floor, but since there was a stairway to the second floor of the bank building immediately adjacent to the North wall thereof the bank at that time granted Eickenroht permission to use this stairway and a door was cut into the North wall of the bank building leading into the second floor of the Eickenroht building.

Thereafter, on April 6, 1912, the bank entered into a rental agreement with Eickenroht whereby for a period of five years and one month Eickenroht was granted permission to use such stairway as a means of ingress and egress to the second story of the Eickenroht building. This agreement, however, was neither

acknowledged nor recorded and defendant in this case has pleaded the recording acts and the statute of frauds as a bar in this case.

Upon the expiration of the five years and one month period provided in this agreement, no written extensions thereof were made, but Eickenroht continued to use said stairway with the permission of the bank. However, the bank likewise used the stairway as a means of ingress and egress to the second floor of its building, and its janitor was charged with the duty, which he discharged, of maintaining the stairway at all times, and the court finds that the use of said stairway from 1917 up until the time of the explosion was purely a permissive use and not adverse to the interest of the property owner.

In 1929, Alfred Eickenroht died and the plaintiffs became the owners of the Eickenroht building, and in 1940 H. H. Weinert and A. B. Bauchman purchased the Seguin State Bank and Trust Company building and thereafter, in 1949, A. B. Bauchman died and his interest in the Weinert-Bauchman building vested in his wife and two adult sons. These three parties and H. H. Weinert were the owners of the Weinert-Bauchman building at the time of its destruction on February 16, 1955.

Thereafter, the defendant herein paid to the owners of the Weinert-Bauchman building their full damages for the destruction of their building, including full damages to the North wall and the stairway adjacent thereto, and the defendant was completely released by written instrument from any further liability for damages to the Weinert-Bauchman building.

Thereafter, the owners of the Weinert-Bauchman building decided not to rebuild the 2-story building but to build only a 1-story building, which would eliminate the necessity of a stairway. Thereupon they entered into an agreement with the plaintiffs herein under the terms of which they sold the North wall of the old Weinert-Bauchman building to the Eickenrohts, and the Eickenrohts released any claim that they might have against the owners of the Weinert-Bauchman building.

Subsequently, this suit was brought by the plaintiffs claiming that they had some character of a legal right in the use of the stairway which had been destroyed by the defendant, and for which they were entitled to damages.

■ As I see it, the only legal interest that the plaintiffs could have had in this stairway would have been either an easement by prescription or an easement by estoppel. In order to have an easement by prescription, the occupier of lands must show a use of an estate which is "adverse, exclusive, uninterrupted and continuous for the requisite period of time" (15–B Tex.Jur. 282), and as was said in the case of H. & I. Improvement Company v. Three B Company, Tex.Civ. App., 229 S.W.2d 392, 395,

"An important essential in the acquisition of a prescriptive right is an adverse use of the easement. 'Generally, the hostile and adverse character of the user necessary to establish an easement by prescription is the same as that which is necessary to establish title by adverse possession. If the enjoyment is consistent with the right of the owner of the tenement, it confers no right in opposition to such ownership.'"

See also Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622 and Callan v. Walters, Tex.Civ.App., 190 S.W. 829.

■ Since there was no adverse or exclusive use of the stairs by the owners of the Eickenroht building the court holds that no easement by prescription arose.

■■ The court likewise holds that no easement by estoppel was shown by the evidence in this case. It is true that over the years the owners of the Eickenroht building did construct improvements on the second floor of their building but there is no evidence in this record to show that at any time the owners of the bank building, subsequently known as the Weinert-Bauchman building, ever

made any representations that said stairway would be maintained for the benefit of the owners of the Eickenroht building.

In 15-B Texas Jurisprudence, 282, it is stated:

> "In order to create an easement by estoppel, it is essential that something be done or said at the time of the grant to induce its acceptance. No estoppel can arise against innocent purchasers for value, without notice, actual or constructive, of the easement claimed."

As was stated in the case of Rogers v. Hussion, Tex.Civ.App., 273 S.W. 969, 972,

> "If we mistake not, under all the authorities in Texas, in order to create an easement upon the principle of equitable estoppel, something must be said or done at the time of the grant of the dominant estate by the owner of the servient that induces the acceptance of the grant."

See also Reynolds v. McLemore, Tex. Civ.App., 241 S.W. 606, Callan v. Walters, supra, and Maricle v. Hines, Tex.Civ. App., 247 S.W.2d 611.

A case quite similar in principle to the one now before the court is the one of Sabine & East Texas Railroad Co. v. Johnson, 65 Tex. 389. In that case the plaintiff was allowed to graze his cattle on the property of adjacent landowners. This property was flooded and it was claimed that the railroad's embankment was the cause of such flooding. The plaintiff there claimed damages for the cost of removing his stock to another pasture and the cost paid for the other pasture now that he could not use the flooded tract, and for other damages. In denying plaintiff a recovery for these damages the Supreme Court of Texas said:

> "A mere license to graze would not confer such right in the lands as would pass to the appellee any part of the owner's right to recover for all damages done to the league. Certainly no more than a license is averred, and even less is proved. * * * In allowing his stock to range on these lands, he asserted no right in the lands and acquired none. The appellee sustained no injury, because he was deprived of no right in the flooding of these lands, and hence, was not entitled to recover the expense of removing his stock or the price paid for other pastures."

The plaintiff in this case has cited various text writers and out-of-state cases, but the court is of the opinion that the above Texas authorities are controlling on this court and therefore on this feature of the case, judgment must go for the defendant, and it is so ordered.