**Bobby PETERS, Appellant,**

v.

**Jerry PARKER et al., Appellees.**

**No. 6097.**

Court of Civil Appeals of Texas, Waco.

Nov. 29, 1979.

Rehearing Denied Dec. 27, 1979.

James E. Ferguson, Harry L. Dulick, Ferguson & Dulick, Inc., Cleburne, for appellant.

Jack C. Altaras, Altaras, Altaras & Pritchard, Cleburne, Fred M. Barker, Weatherford, for appellees.

## OPINION

JAMES, Justice.

This is a venue case. Plaintiff-Appellant Bobby Peters sued Defendants-Appellees Jerry Parker and Billy R. Cain in Johnson County for damages growing out of, among other things, the alleged conversion by Defendants of Plaintiff's horse trailer. Defendants Parker and Cain, being residents of Parker County, Texas, filed pleas of privilege to be sued in the county of their residence. Defendant Cain is Sheriff of Parker County. Plaintiff controverted both Defendants' pleas of privilege under Subdivisions 9 (Crime of Trespass) and 29 (Libel or Slander) of Article 1995, Vernon's Texas Civil Statutes. We will concern ourselves only with Subdivision 9.

After hearing on the venue question, the trial court by its order sustained both pleas of privilege and ordered the cause transferred to Parker County, from which order Plaintiff appeals. We hold that venue of the cause properly lies in Johnson County, and thereby reverse and render the trial court's judgment.

The pertinent facts are undisputed. Plaintiff-Appellant Peters and Defendant-Appellee Parker entered into an oral agreement whereby Parker agreed to sell Peters a horse trailer, and Peters agreed to sell and transfer a registered quarter horse to Parker. On October 2, 1978, Defendant Parker executed and gave to Plaintiff Peters a bill of sale to the trailer, and at this same time Peters took possession of the trailer. Plaintiff Peters agreed to furnish the registered quarter horse to Defendant Parker, which horse was at the time located in Palo Pinto County. Parker took possession of the horse; and thereupon, Peters furnished Parker two transfers to the horse, one of which transfers was not in Peters' name. One of the transfers was in the name of a man named Rodderback, and the other was in Peters' name. Plaintiff Peters signed Mr. Rodderback's name to the transfer (in Rodderback's name), and also signed to Parker the other transfer which was in his own name. These transfers were sent to the Quarter Horse Association in Amarillo, Texas, which Association refused to recognize the transfers. When the Quarter Horse Association refused to recognize Defendant Parker as record owner of the horse, Parker contacted Plaintiff Peters and requested the proper instruments to show that he, Parker, was the record owner of the horse. Defendant Parker contacted Plaintiff Peters several times concerning proper registration of the horse between October 1978 and January 1979; however, during this time Plaintiff Peters had not cleared the registration papers. In January 1979, Defendant Parker conferred with Defendant Billy R. Cain, Sheriff of Parker County, about the matters pertaining to his sale of the trailer and purchase of the horse.

On January 12, 1979, Parker and Sheriff Cain saw Plaintiff Peters on the side of a highway in Johnson County and talked to Peters on this occasion about the trailer and the registration papers for the horse, on which occasion Peters informed Parker and Sheriff Cain that Parker would receive the registration papers soon. There is testimony that on this occasion Parker demanded return of the horse trailer, and Peters refused to deliver the same.

By January 25, 1979, Parker still had not received the registration papers on the horse, whereupon Sheriff Cain on said last-named date filed a complaint in Parker County against Peters for theft, pursuant to which a warrant for the arrest of Peters was issued. On that same day (January 25, 1979) Sheriff Cain took the warrant to the Johnson County Sheriff's office, after which Plaintiff Peters was arrested. Meanwhile, Sheriff Cain asked a deputy sheriff of Johnson County if it would be all right

for him (Sheriff Cain) to send Parker over to Peters' premises to pick up the trailer, whereupon said deputy sheriff said this would be permitted. Then Sheriff Cain contacted Parker and told him to go to Peters' premises (located in Johnson County) and pick up the trailer. Acting under Sheriff Cain's instructions, Parker went to Peters' premises, took possession of the trailer and hauled same back to Parker County. Peters was not present when Parker took the trailer, and same was taken without Peters' knowledge or consent.

Plaintiff Peters filed suit in a District Court of Johnson County against Defendants Parker and Sheriff Cain for damages for slander, conversion, and false arrest. As stated, both Defendants filed Pleas of Privilege to be sued in Parker County, the county of their residence. Plaintiff Peters filed controverting affidavits to said Pleas of Privilege, controverting, inter alia, under Subdivision 9 (Crime or Trespass), of Article 1995, to maintain venue in Johnson County. After venue hearing, the trial court sustained both Pleas of Privilege, from which action Plaintiff Peters appeals.

Plaintiff-Appellant's second point of error asserts the trial court erred in sustaining both Defendants-Appellees' Pleas of Privilege because Plaintiff-Appellant proved by a preponderance of the evidence a cause of action for trespass or conversion in Johnson County, and therefore venue of this cause was properly laid in Johnson County under Subdivision 9 of Article 1995, Vernon's Texas Civil Statutes. Although Appellant says in his point of error that Appellant has proved "by a preponderance of the evidence" a cause of action for trespass or conversion in Johnson County, yet in his brief Appellant's argument and authorities assert that the evidence *conclusively establishes* that a conversion was committed in Johnson County, for which Appellant prays for a reversal and rendition of the cause. Upon this basis we sustain this point of error, hold that venue of this cause properly lies in Johnson County, and thereby reverse and render the trial court's order.

Subdivision 9 of Article 1995 in its pertinent parts reads as follows:

"Crime or Trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant, or by his agent or representative, or in the county where the defendant has his domicile."

■ It is well settled that a conversion of personal property is a trespass within the meaning of Section 9 of Article 1995. *Industrial Supply Co. v. Stockton Oil Co.* (Ft. Worth Tex.Civ.App.1966) 408 S.W.2d 251, writ dismissed; *Sanderlin v. Dransfield* (Ft. Worth Tex.Civ.App.1975) 523 S.W.2d 794, no writ.

In relying upon Section 9, Plaintiff had the burden of proving (a) a trespass had been committed; (b) it was committed in the county of suit; and (c) the defendant asserting the privilege committed the acts or they were committed by another under circumstances which make the defendant legally responsible. *Langford v. Kraft* (Beaumont Tex.Civ.App.1973) 498 S.W.2d 42, 50, NRE; *Sanderlin v. Dransfield*, cited supra; Vol. 1, McDonald, Texas Civil Practice, (1965), "Venue", Section 4.17.1, p. 473.

In the case at bar, Plaintiff proved the elements of a cause of action for conversion on the part of the two Defendants in Johnson County. Plaintiff was in lawful possession of the trailer holding a bill of sale to same from Parker at the time Parker entered upon Plaintiff's premises and took the trailer without Plaintiff's knowledge or consent. By Defendants' own testimony, Parker physically took the trailer from Plaintiff under the instructions of and acting as agent for Sheriff Cain.

However, Defendants claim that they took the trailer from Plaintiff lawfully under the provision of Article 18.16, Code of Criminal Procedure, which provides:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen and bringing it, with the supposed offender, if he can be taken, before a magistrate for

examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

Also see *Clark v. State* (1949) 153 Tex.Cr.R. 544, 221 S.W.2d 602.

 However, the question as to whether Defendants had the right to take the trailer away from the Plaintiff under Article 18.16 is a defensive matter which has no part in a venue hearing. As this Court held in *Dealers National Insurance Co. v. Rose* (Waco Tex.Civ.App.1965) 396 S.W.2d 535, no writ:

"The sole issue in the plea of privilege hearing is that of venue; not liability or the merits of the case. *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300, 1304; *Farmers' Seed & Gin Co. v. Brooks*, 125 Tex. 234, 81 S.W.2d 675. The defense is not available on the hearing to defeat venue in the county of suit. Negativing the prima facie cause of action established by plaintiff does not negative the 'venue fact.' It simply does not affect venue." (Citations)

 In the case at bar, we believe Plaintiff Peters proved by undisputed evidence that the Defendants, Parker as agent and Sheriff Cain as principal, committed a trespass in Johnson County within the meaning of Section 9, Article 1995, and therefore venue of this cause properly lies in Johnson County. Defensive matters asserted by Defendants which may justify their taking of the trailer do not affect venue, but must await trial on the merits.

We therefore reverse and render the trial court's judgment.

REVERSED AND RENDERED.