Gondal MULLENAX, Appellant,

v.

Thelma A. CLUTE, Individually and as Independent Executrix under the Will of Leon Powell, Deceased, and as Trustee under the Will of Leon Powell, Deceased, Appellee.

No. 6308.

Court of Civil Appeals of Texas, Waco.

April 16, 1981.

Mac L. Bennett, Jr., Normangee, W. A. Keils, Jr., Teague, Jack B. Ellison, Buffalo, for appellant.

James N. Parsons, III, Monroe G. Wells, Terry M. Thorn, Parsons, Thorn & Wells, P.C., Palestine, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Mullenax from order of the trial court overruling his plea of privilege to be sued in Leon County.

Plaintiff Clute sued defendant Mullenax alleging a debt owed by him to Leon Powell, deceased, secured by a Deed of Trust lien upon described property in Freestone

County. Plaintiff sought judgment for the debt, principal, interest and attorney's fees and foreclosure of the Deed of Trust lien.

Defendant filed his plea of privilege to be sued in Leon County, the county of his residence, and in addition alleged under oath that the lien plaintiff sued on had been released.

Plaintiff filed a Controverting Affidavit alleging venue proper in Freestone County under Subdivision 12, Article 1995 VATS.

Various supplemental pleadings were filed.

Trial was to the court which overruled defendant's plea of privilege.

Defendant appeals on 7 points.

Defendant's 1st, 4th, 5th and 7th points assert that the primary nature of plaintiff's suit is one to cancel, set aside or reform a release.

■ Plaintiff's petition sought judgment for the amount due on a note plus interest and attorney's fees; and sought foreclosure of the Deed of Trust and the lien created thereby on the real property pledged to secure the payment of the note. Defendant by his answer plead that the note and lien had been released, and plaintiff filed supplemental pleadings in response to defendant's answer in accordance with Rule 80 TRCP. We think plaintiff's pleadings allege a cause of action for foreclosure of a lien.

The nature of the suit is determined from the plaintiff's pleadings. *Piazza v. Phillips*, 153 Tex. 115, 264 S.W.2d 428; *Houston Nat. Bank v. Farris*, Waco, Tex.Civ.App., er. dismd., 549 S.W.2d 420.

Subdivision 12, Article 1995 VATS states:

"A suit for foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated".

Defendant admitted that the property described in plaintiff's original petition is located in Freestone County.

Venue may be sustained under Subdivision 12, Article 1995 in the county where the property is located by, 1) alleging a lien on such property, without the necessity of proving a valid lien, and 2) proving that the property in question is located in the county where suit is filed. *Morgan Farms v. Brown*, San Antonio, Tex.Civ.App. 231 S.W.2d 790 (holding expressly approved by *Morgan Farms v. Murray*, 149 Tex. 319, 233 S.W.2d 123); *Knape v. Davidson*, Tyler, Tex.Civ.App., er. dismd., 465 S.W.2d 448; *Hagan v. Anderson*, San Antonio, Tex.Civ. App., 506 S.W.2d 298 n.r.e. by Tex., 513 S.W.2d 818); *Cactus Drilling Co. v. Ozark Gas & Oil Co.*, San Antonio, Tex.Civ.App., er. dismd., 546 S.W.2d 628.

■ The question of whether the note and lien had been released, which defendant attempts to inject into the case is a defensive matter on the merits which has no part in a venue hearing. The sole issue in a plea of privilege case is that of venue; not liability or the merits of the case. The defense is not available on the hearing to defeat venue in the county of suit. Negating the prima facie cause of action established by plaintiff does not negative the venue fact. *Dealers National Ins. Co. v. Rose*, Waco, Tex.Civ.App., n.w.h., 396 S.W.2d 535; *Peters v. Parker*, Waco, Tex.Civ.App., er. dismd., 591 S.W.2d 327.

Defendant's 2nd, 3rd and 6th points assert that plaintiff fraudulently asserted a lien for purposes of invoking a venue exception.

■ Defendant's pleadings make no allegation of a fraudulent or bad faith assertion of a lien to sustain venue. In order to put in issue the question of fraudulent assertion of a lien for venue purposes defendant was required to affirmatively allege fraud or bad faith by plaintiff. The question of good faith [or fraud] can be raised only by pleading of defendant alleging bad faith or fraud and offering evidence to support the same. *Texan Development Co. v. Hodges*, Amarillo, Tex.Civ.App., n.w.h., 237 S.W.2d 436; *Cowden v. Cowden*, 143 Tex. 446, 186 S.W.2d 69; *Hagan v. Anderson*, Tex., 513 S.W.2d 818.

Moreover, this issue is raised for the first time on appeal. Issues raised for the first time on appeal will not be considered by an appellate court. *Gray-Taylor, Inc. v. Tennessee,* Tex., 587 S.W.2d 668; *Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73.

All of defendant's points and contentions are overruled.

AFFIRMED.