Roy POWER and Michael Power
d/b/a Power & Son Builders,
Appellants,

v.

CABLEVISION INVESTOR'S,
INC., Appellee.

No. 10–83–236–CV.

Court of Appeals of Texas,
Waco.

December 29, 1983.

John L. Bates, Waco, for appellants.

Charles D. Olson, Haley & Davis, Waco, for appellee.

## OPINION

FRANK G. McDONALD, Chief Justice (Retired).

This is an appeal from declaratory judgment and permanent injunction against appellants Powers.

Appellants as owners of Northwood Apartments directed appellee to discontinue its cable television service on December 1, 1982. Appellee filed suit and was granted judgment from which appellants now appeal.

The trial court found in part that:

1) Appellants granted appellee a license to install and maintain its wiring and equipment and to provide cable television service on appellants' property;

2) Appellee has made and continues to make significant expenditures in reliance on the continued existence of this license and has constructed valuable improvements which it would not have undertaken otherwise;

3) Appellants have accepted and made use of benefits derived from appellee's expenditures and improvements;

4) Termination of the license would result in interference with ongoing contractual relationships between appellee and individual apartment tenants and would interfere with appellee's ability to enter into such relationships in the future.

The court declared all wiring and equipment installed on appellants' property to remain appellee's property and declared appellants estopped from revoking or terminating the license. The court enjoined appellants from interfering with appellee's maintenance of its property and with present and future service and contractual relationships with tenants.

Appellants appeal on 2 Points.

Point 1 asserts the evidence does not support any legal theory justifying the judgment. Point 1 consists of 5 subpoints. Subpoints 1, 2 and 4 will be discussed together.

■ Subpoint 1 asserts error in the judgment while failing to find the license supported by consideration which would have rendered it irrevocable. Subpoint 2 asserts error in finding significant expenditures and valuable improvements by appellee on appellants' property in reliance on the license's continuance. Subpoint 4 asserts error in involving estoppel due to lack of evidence on all elements.

■ A license may become irrevocable if the licensee incurs significant expenses and makes valuable improvements on the licensor's property on the faith of the license's continued existence. *T. & St. Louis Railroad v. Jarrell,* S.Ct. 60 Tex. 267; *Markley v. Christen,* CCA (Amarillo) err. dism'd, 226 S.W. 150; *Reynolds v. McLemore,* CCA (El Paso) NWH, 241 S.W. 606; *Joseph v. Sheriffs' Assn.,* CCA (Austin) NWH, 430 S.W.2d 700.

■ The licensee's acts in reliance theoretically form a substitute for or are transformed into the consideration normally required to support a finding of irrevocability. Revocability is determined from the express and implied understanding of the parties and from the nature of licensee's acts in reliance. *Markley v. Christen,* supra; *Reynolds v. McLemore,* supra.

■ Irrevocability based on reliance rests upon equitable estoppel. *Reynolds v.*

*McLemore,* supra. Estoppel is particularly supportable when licensor has joined in the enterprise with licensee and accepts the benefits of licensee's labor and expenditures. *Markley v. Christen,* supra.

At the request and direction of appellants, appellee installed wiring in 394 apartments during construction phase and equipment necessary to supply cable service. Appellee paid for all labor, expenses and maintenance. Capital outlay over 10 years ago was around $20,000. Appellants advertised availability of cable service in order to attract tenants.

The evidence renders these subpoints meritless. Subpoints 1, 2 and 4 are overruled.

Subpoint 3 asserts error in finding interference of contractual rights between appellee and tenants.

The evidence is sufficient to support the finding. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660.

■ The only authority cited by appellants for this subpoint is the Statute of Frauds regarding the contractual relationship between appellants and appellee, rendering the subpoint multifarious. Failure to affirmatively plead waives this defense. *Cook v. Hamer,* 158 Tex. 164, 309 S.W.2d 54; *Mann v. Fender,* CCA (Waco) NRE, 587 S.W.2d 188; T.R.C.P. Rule 94.

Subpoint 3 is overruled.

■ Subpoint 5 asserts error in declaration that wiring and equipment installed on appellants' property remains appellee's property.

■ Property affixed to the realty of another under a license remains the licensee's personal property and does not become part of the realty. *Meers v. Frick–Reid Supply Corp.,* CCA (Amarillo) err. dism'd, 127 S.W.2d 493.

Subpoint 5 is overruled.

■ Point 2 asserts judgment to be an unconstitutional taking without just compensation in violation of U.S. Const. Am. 5 and 14 and Tex. Const. Art. 1, Sec. 17.

This judicial determination of rights between private parties is not the type of governmental action contemplated by the taking provisions. See *City of Austin v. Teague,* CCA (Waco) 556 S.W.2d 400, rev'd on other grounds, 570 S.W.2d 389; *Richardson v. Cameron County,* CCA (San Antonio) NWH, 275 S.W.2d 709.

Furthermore, appellants failed to raise the issue below and to preserve error. *State of California Dept. of Mental Hygiene v. Bank of the Southwest Nat'l Ass'n,* 163 Tex. 314, 354 S.W.2d 576; *Mullenax v. Clute,* CCA (Waco) NWH, 615 S.W.2d 307.

Point 2 is overruled.

AFFIRMED.